# Corona Coal & Iron Co. *v.* White.

*Action for Damages for Collision With Runaway team.*

(Decided Nov. 26, 19008.   Rehearing denied Feb. 5, 1909.
48 South. 362.)

1. *Master and Servant; Injury to Third Person; Employe's Authority.*—Under the evidence in this case it was a question for the jury as to whether the driver, who left the teach unhitched and unattended, was acting in accordance with the usual custom in the use of the team and with the defendant's acquiesence.

2. *Municipal Corporation; Streets; Unattended Horses; Negligence.* —The leaving of a team of horses unhitched and unattended in a public street is negligence, rendering the owner liable for any damages caused by their running away.

3. *Same; Pedestrians; Rights.*—A pedestrian on the street can assume that horses moving therein are under control, and it is not contributory negligence to walk on the sidewalk and to cross the street without looking up or down, although it might be negligence to walk

in front of a moving team. The rule requiring persons to stop, look and listen before crossing a railroad track is not applicable to a person crossing a street.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Personal injury action by Nora White against the Corona Coal & Iron Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. C. DAVIS, and S. D. & J. B. WEAKLEY, for appellant. The following authorities show beyond controversy that the defendant was not responsible for the negligence of the driver at the time of the accident.—20 A. & E. Ency. of Law, 165-6; *Slayter v. Advance Threshing Co.*, 5 L. R. A. (N. S.) 598; 2 Thomp. on Neg. 885-6; Cooley On Torts, 533; 19 Ohio St. 110; L. R. 40 B. 475; 13 C. B. 237; 51 Minn. 488.

BOWMAN, HARSH & BEDDOW, for appellee. Where there is a conflict in the evidence the affirmative charge cannot properly be given.—*Mouton v. L. & N.*, 123 Ala. 539; *Holmes v. B. S. R. R. Co.*, 140 Ala. 215; *McCormack v. Lowe*, 44 South. 47. The plaintiff was not guilty of contributory negligence. —*Bowers v. Wellington*, 126 Mass. 391; *Weil v. Wright*, 29 N. Y. St. 776. The master is not relieved from responsibility by reason of the fact that the act resulting in injury was done in disobedience of his orders.—*Postal T. Co. v. Brantley*, 107 Ala. 683; *Williams v. Henricks*, 115 Ala. 277; *Southern Ry. Co. v. Wildman,* 119 Ala. 565.

SIMPSON, J.—The appellee sued in this case for damages caused by being struck and knocked down by a wagon and team belonging to the defendant. It is not disputed that the wagon and team were left by the driver,

while he went into the house to get a trunk belonging
to the shipping clerk of defendant company to take the
same to the depot, and that, while left unattended, the
team ran away and came in collision with the plaintiff,
who was walking on the street of Corona. The conten-
tion of the appellant is that it was entitled to the gener-
al affirmative charge, because, first, it was not within
the scope of the driver's duties to carry a trunk of one
of the employes to the depot; and, second, that the plain-
tiff was guilty of contributory negligence, in not turn-
ing to look when she heard the wagon and team coming
down the street.

The evidence is without conflict that this team was
under the care and control of Mac Kimbrell, the driver,
all of the time, whether he was hauling coal for the de-
fendant or not. He fed, hitched, and unhitched the
team; and, whether it was before 7 o'clock in the morn-
ing (the hour for regular work) or not, he had charge
of the team as the servant and agent of the defendant,
and it was his duty not only to care for it, but to see
that it was not left unattended on the street, so as to
incur the danger of its running away and injuring those
who had a right to be on the street.

The evidence in this case is not so clear as to author-
ize the court to take away from the jury the right to de-
termine whether or not the driver of the team was act-
ing in accordance with the usual custom in the use of
the team, and with the acquiescence of the master.

It is negligence for the owner of a horse to leave a
team of horses unhitched and unattended on a public
street, and he thereby becomes liable for any damage
caused by their running away.—*Dolfinger & Co. v. Fish-
back,* 12 Bush, 474, 1 Am. Neg. Cas. 288; *Doherty v.
Sweetser,* 82 Hun. (N. Y.) 556, 1 Am. Neg. Cas. 333;
Shearman & Redfield on Neg. (3d Ed.) p. 235, § 194;
26 Cyc. 1529, 1530.

A person traveling on the public streets has a right to presume that horses moving on said streets are under the control of their owners, and it is not contributory negligence to walk on the sidewalks and to cross the streets without looking up and down the street, although, of course, it would be negligence to walk right in front of a moving team. Merely hearing the team coming was not notice to the plaintiff that it was running away. The rule with regard to looking and listening, before crossing a railroad, has no application to a person crossing a street.—*Moebus v. Herrmann,* 108 N. Y. 349, 15 N. E. 415, 2 Am. St. Rep. 440.

There was no error in the refusal of the court to give the general charge in favor of the defendant; and, this being the only point argued by counsel for appellant, the judgment of the court is affirmed.

Affirmed.

TYSON, C. J., and DENSON and MCCLELLAN, JJ., concur.