# Seaboard Air Line Ry. Co. *v.* Brown.

*Damages to Crop and Land for Failure to Keep Up Stop-Gap.*

(Decided Dec. 17, 1909.   48 South. 48.)

1. *Evidence; Opinion; Damages.*—The amount of damages being a question for the jury, to be determined on the facts testified to, a witness cannot give his opinion as to the amount of damages, but must state the facts.

2. *Damages; Issue and Proof.*—The measure of damages to land being the value before and after its injury, and there being no claim for damages to the grass, the plaintiff should not have been permitted to testify as to the value of the grass damaged in an action for damages to land on account of failure to keep up stop-gap

[Seaboard Air Line Ry. Co. v. Brown.]

**3. *Landlord and Tenant; Crops; Injury to Premises; Damages.*—A** landlord's damage, where the premises are leased, are limited to the damage done to the land itself, and the landlord is not entitled to damages for grass destroyed or damaged resulting from a railroad's failure to keep up a stop-gap.

APPEAL from St Clair Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by W. T. Brown against the Seaboard Air Line Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. This is an action under section 3480, Code 1896. The measure of damages is the difference in the value of the land before and after the trespass.—*Brinkmeyer v. Bethea,* 139 Ala. 376; *Abercrombie v. Wyndham,* 127 Ala. 179. The grass was a part of the realty.—8 A. & E. Enc. of Law, 302. Being such, the measure of damages to the realty including the grass is the difference in the value of the land before and after the trespass.—*Brinkmeyer v. Bethea, supra.* The court erred in giving the charges requested by the appellee.—*Glidden v. Street,* 68 Ala. 600.

M. M. SMITH and VICTOR H. SMITH, for appellee. Under the statute, (Sec. 3480, Code 1896) the tenant can recover no damages, so such damages as were sustained should be accorded the landlord.—*L. & N. v. Murphy,* 129 Ala. 432. Counsel discuss other assignments of error, but without further citation of authority.

SIMPSON, J.—This suit was brought by the appellee for damages to crops and land by reason of the failure of the defendant to keep up a stock gap. The plaintiff, being on the stand as a witness, after testifying that he did not know the market value of his land, in response

to a question on cross-examination, said that he could tell how much he thought his land had been damaged, but was stopped by said attorney's telling him that he did not wish to hear his opinion. The court thereupon told the witness that he could not tell what he thought, but could give his best judgment as to the damage done to the land. The defendant objected. His objection was overruled, and the witness said: "My individual idea of the damage on the market is $150." The defendant moved to exclude, which motion was overruled.

The matter of the amount of damage is exclusively within the province of the jury, who must base their verdict on the facts testified to by the witnesses. A witness cannot give his opinion as to the amount of damages. This would be substituted his judgment for that of the jury.—*Donnell v. Jones,* 13 Ala. 490-510, 48 Am. Dec. 59 et seq; *Montgomery & W. Pt. R. R. v. Varner,* 19 Ala. 185; *Ala. & Fla. R. R. v. Burkett,* 42 Ala. 83, 87, 88; *Chandler v. Bush,* 84 Ala. 102, 4 South. 207; *Dushane v. Benedict,* 120 U. S. 631, 647, 7 Sup. Ct. 696, 30 L. Ed. 810; *Hames v. Brownlee,* 63 Ala. 277; *Young & Co. v. Cureton,* 87 Ala. 727, 6 South. 352; 4 Ency Ev. pp. 12, 13. The evidence with regard to damage to crops was excluded by the court.

The court erred in permitting the plaintiff to testify to what, in his best judgment, was the value of the grass damaged. The complaint does not make any claim for damage to or loss of grass, but for damage to the land; and the measure of damage to the land is the value before and after the injury.—*Brinkmeyer et al. v. Bethea,* 139 Ala. 376, 35 South 996. Moreover, the plaintiff's testimony showed that the land was rented to one Davis for $200, which had been paid, and the only damage which plaintiff could claim was that done to the land itself. It may be said, further, that the "value of the

grass damaged" gives no idea of what the value of the grass destroyed was, or how much damage was done to the grass.

From what has been said as to the evidence, it results that the court erred in giving the general charge for the plaintiff, instructing the jury, not only to find for the plaintiff, but to assess his damages at $175, with interest. The amount of the damage was for the jury to ascertain from the evidence.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.