# Deming Co. *v.* Bryan.

(Decided Nov. 23, 1911, Rehearing denied Dec. 16, 1911.
56 South. 754.)

1. *Pleading; Waver by Agreement.*—Where during the trial the defendant proposed to file special pleas setting up plaintiff's failure to ship machinery in its entirety within a reasonable time, and plaintiff's attorney insisted that such matters could be brought in under the general issue, and it was then agreed that such matter could be brought in under the general issue, the plaintiff waived any further pleading by the defendant to enable him to show the failure of plaintiff to comply with the terms of the sale as to the time of the shipment.

2. *Sales; Performance; Delivery.*—Where the machinery was wanted for use in protecting growing crops, and the plaintiff responded to an inquiry by wire as to how soon it could ship a designated spraying outfit, and the plaintiff answered it could ship immediately, and the defendant wired to rush shipment, time was of the essence of the contract, and the buyer was not liable if the delivery was not made in a reasonable time.

3. *New Trials; Conflicting Evidence.*—When the evidence was conflicting on the only point in issue, this court will not put the trial court in error for overruling the motion for a new trial, after verdict rendered.

APPEAL from Blount Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by the Deming Co. against E. J. Bryan for the price of machinery. Judgment for the defendant and plaintiff appeals. Afirmed.

VON. L. THOMPSON, for appellant.—The general affirmative charge should be given by a trial Court when there is no conflict in the evidence as to any material

point involved in the determination of the cause, and when so requested in writing.—*Ala. G. L. Ins. Co. v. Mob. Ins. Co.*, 81 Ala. 329. No charge or instruction should be given by a trial Court to the jury that are not applicable to the issues as presented by the pleadings.—*Behrman v. Newton*, 103 Ala. 529. No charge or instruction should be given by the Court when there are no facts in the evidence upon which said charge is predicated; and no charge or instruction should be given which is not applicable to the facts as averred in the pleadings, and which is not supported by the facts brought out in the evidence.—*Behrman v. Newton*, 103 Ala. 525. Where a complaint contains nothing but the common counts, and the general issue only is plead, there is cast upon plaintiff the burden to prove the material allegations of some one count of the complaint, before plaintiff is entitled to recover; and, the defendant is limited in the introduction of testimony, to evidence solely in denial of plaintiff's cause of action. Therefore, where there is no plea setting up any special defense, and no evidence denying or contradicting the material allegations of the complaint, there is no occasion for any special charge of the trial court, and, consequently, the general affirmative charge should be given to the jury by the court when asked for in writing.—Code of Alabama, Sec. 5331.; *Behrman v. Newton*, 103 Ala. 525; Petty v. *Dill*, 53 Ala. 645; *Scarborough v. Blackman*, 108 Ala. 659; *L. & N. R. R. Co. v. Trammell*, 90 Ala. 350. It is the duty of the trial court to set aside the verdict of a jury, when it is apparent that justice has not been done.—4 Mayf. Dig. 315 Sub-Div. 60-66 inc.; *B'ham Ry. L. & P. Co. v. Lindsay*, 140 Ala. 312.

WARD & WEAVER and CAMPBELL & JOHNSTON, for appellee.—Counsel discuss the assignments of error but without citation of authority.

[Deming Co. v. Bryan.]

WALKER, P. J.—When, during the trial, evidence was introduced tending to show that a vital part of the machinery for the price of which the suit was brought had been left out of the initial shipment, the defendant proposed to file special pleas, setting up the failure of the plaintiff to ship the machinery in its entirety within a reasonable time. Thereupon the plaintiff insisted that evidence on that subject, if admissible at all, could properly be brought in under the general issue, and, as stated in the bill of exceptions, "agreed that said matters could be brought in under the general issue." We construe that agreement, made under the circumstances stated, as a waiver by the plaintiff of any requirement of further pleading on the part of the defendant to enable him to avail himself of a ground of defense based upon a failure of the plaintiff to comply with the terms of the sale as to the time within which the shipment should be made. Such requirement of further pleading by the defendant was one which the plaintiff could waive. Having admitted the sufficiency of its adversary's pleading to let in the defense proposed to be set up, the plaintiff is precluded from now claiming that that ground of defense was not available to the defendant under the pleadings as they stood. It cannot here be heard to impute error to the action of the trial court in that regard, to which it formally consented.

Following some correspondence between the parties in reference to plant-spraying machinery in which the plaintiff dealt, the defendant, on June 4, 1906, inquired of the plaintiff by wire as to how soon it could ship a designated spraying outfit, to which the plaintiff replied on the same day by wire that it could ship immediately from stock the machinery inquired about. On June 7th the defendant telegraphed to the plaintiff to "ship quick to Reids, Ala," the designated machinery, and "to rush

and trace. L. & N. prepay." The plaintiff made a ship-
ment to the defendant the next day; but there was evi-
dence tending to show that an essential part of the ma-
chine, without which it was useless to the defendant,
was not shipped until more than a month later, and that
a result of this delay was that defendant was deprived
of the use of the machine in spraying his growing crop.
It is not to be doubted that in such a sale, made at such
a time, of a machine intended for use in protecting some
growing crop, time was of the essence of the contract.
In such a case, the buyer is not liable if delivery is not
made within the time agreed on.—*Jones v. United States,*
96 U. S. 24, 42 L. Ed. 644; 35 Cyc. 175. The acceptance
of the defendant's order by wire imposed upon the plain-
tiff the duty of making a prompt shipment. There was
evidence before the jury to warrant a finding that that
duty was not performed. This being true, the general
affirmative charge requested by the plaintiff was prop-
erly refused.

The principal ground upon which it is insisted in ar-
gument here that the trial court was in error in overrul-
ing the plaintiff's motion for a new trial is that the ver-
dict must have been based upon evidence as to a mat-
ter of defense which was not covered by the defendant's
pleading. As suggested above, the plaintiff is in no
position to urge the insufficiency of the defendant's
pleading to present the defense that, as to the time of
shipment or delivery, the contract of sale was not com-
plied with by the plaintiff. The plaintiff in effect took
issue on that ground of defense without replying to it.
The bald question presented was as to whether there
had been such compliance, and the evidence on the sub-
ject was in conflict. It can not be affirmed that the trial
court was in error in overruling the motion for a new
trial.

Affirmed.