# Terrill *v.* Walker.

## *Damage from Automobile Collision.*

(Decided May 7, 1912. Rehearing granted June 19, 1912.
59 South. 775.)

1. *Highways; Automobile Collision; Contributory Negligence; Plea.*—A plea of contributory negligence as a defense to an action by a pedestrian for damages sustained by being run into by an automobile, which alleges that plaintiff attempted to cross the road in front of an approaching automobile, when she knew that by so doing she was liable to be struck by the machine, does not mean that she would probably be struck, but means no more than that she would possibly be struck.

2. *Same.*—As a defense to an action for damages by a pedestrian for personal injuries resulting from being hit by an automobile, a plea alleging that the road at the time of the accident was frequently used by automobiles and other vehicles to plaintiff's knowledge, that she was walking on a path for pedestrians at the side of the road, and that she left such path, and at a place where there was no crossing, attempted to cross in front of the automobile, and in dangerous proximity to it, without first endeavoring to ascertain whether any vehicle was in dangerous proximity though she could have ascertained it by the use of ordinary diligence, was a good plea and not subject to demurrer.

3. *New Trial; Grounds; Insufficient Evidence.*—The action of the trial court in overruling a motion for a new trial based on the grounds of the insufficiency of the evidence will not be disturbed unless it plainly and palpably appears that the evidence fails to support the verdict.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Geneva Walker against J. D. Terrill for injury from collision with her of an automobile. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The complaint alleges, in effect, that the plaintiff was walking along or across the Old Shell road, a public highway, and the defendant was operating an automobile on said highway, and so negligently went about its operation and control of said automobile as to cause it

to run over, upon, or against plaintiff, causing her injuries, bruises, etc. The first two counts are in simple negligence, while the third is in wanton or intentional misconduct. Plea 2, before amended, was that plaintiff was guilty of contributory negligence, in that plaintiff attempted to cross the Old Shell road in front of said approaching automobile, and failed to stop, look, and listen before attempting to cross in front of said approaching automobile. As amended, the plea read that plaintiff attempted to cross the Old Shell road in front of said automobile, when she knew that by so crossing or attempting to cross Old Shell road in front of said approaching automobile she was liable to be stricken by said automobile. Plea 3 is that plaintiff was guilty of contributory negligence in attempting to cross Old Shell road in front of said automobile, when by attempting to cross, or in crossing, she was liable to be stricken by said automobile. As amended, the plea read that plaintiff was guilty of contributory negligence, in that plaintiff attempted to cross Old Shell road in front of said approaching automobile, when the said automobile was but a short distance behind her, and a reasonably prudent person, situated as was the plaintiff, would have known that by crossing or attempting to cross said road in front of said approaching automobile she was liable to be stricken by said automobile. After the amendment of the complaint by the addition of the count in wantonness, pleas 2 and 3 were amended and refiled to counts 1 and 2. As amended the second time, the pleas appear as set out in the opinion. Plea 3 is last amended as follows: "Comes the defendant, and for further answer to the first and second counts of the amended complaint says that plaintiff is guilty of contributory negligence which proximately contributed to her injury, and that said contributory negligence con-

sisted of the following, to-wit: Plaintiff avers that the
said Old Shell road, at the time of the matters alleged
in the complaint, was frequently used by automobiles
and other vehicles, and that the plaintiff at said time
was walking along the right side of the road on a path
commonly used by pedestrians. The defendant further
avers that there was a well-defined roadway in said
Old Shell road which was used by automobiles and other
vehicles traversing said road, which said roadway did
not include the path along which the plaintiff was walk-
ing at the time. The defendant further avers that at
and before the time the matters set up in the complaint
the plaintiff knew that said Old Shell road was fre-
quently traversed by automobiles and other vehicles,
and that the said path along which she was walking was
the portion of the road commonly used by pedestrians.
The defendant further avers that, notwithstanding said
facts, the plaintiff negligently left said pathway and
negligently attempted to cross Old Shell road in front
of said approaching automobile, and in dangerous prox-
imity thereto, without first endeavoring to ascertain
whether any vehicle was in dangerous proximity, al-
though she could have ascertained this by the use of
ordinary diligence; and the defendant further avers that
the place where the plaintiff attempted to cross said
Old Shell road in front of said approaching automobile
was not an intersection of the said Old Shell road with
any public highway, or with any crossing used by pedes-
trians or vehicles."

Boyles & Kohn, for appellant. The original brief
does not appear, and on rehearing it is insisted that the
court erred in sustaining demurrers to the pleas of con-
contributory negligence on the authority of.—*Adler v.
Martin*, 59 South. 597, and authorities there cited.

GORDON & EDDINGTON, for appellee. No duty rested upon the appellee to look up and down the road for approaching vehicles, and where there is no duty there can be no negligence.—*Bridgeport W. Co. v. Goodwin,* 132 Ala. 535. The demurrers were properly sustained to the pleas.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 575; *L. & N. v. Bargainer,* 168 Ala. 576; *Corona C. & I. Co. v. White,* 158 Ala. 630; *Montgomery St. Ry. v. Shanks,* 139 Ala. 501.

DE GRAFFENRIED, J.—1. A public highway is a road which every citizen has the right to use. "The fundamental idea of a highway is not only that it is public for free and unmolested passage thereon by all persons desiring to use it, but the *use* of a highway is not a *privilege,* but a *right,* limited by the rights of others, and to be exercised in a reasonable manner."—*Radnor Tp, v. Bell,* 27 Pa. Sup. Ct. 1, 5; The Law of Automobiles (2 Ed.) p. 88, § 3; note 15; Berry's Automobile Law, § 114. The rights of footmen and drivers in the highway are equal, and both must exercise such care as circumstances may demand.—Elliott, Roads and Streets, § 834; The Law of Automobiles (2d Ed.) p. 96, § 9.

The rule requiring a person to stop, look, and listen before crossing a railroad track has no applicability to a person crossing a street or public highway. If a footman undertakes to cross a street at a point where it is frequently used by automobiles or other vehicles, he has a right, without looking and listening to presume that the drivers of automobiles and vehicles are obeying the law of the road, and that they have so reduced or gauged their speed, and are so conducting themselves, as to meet the obligations which the circumstances demand of them at such place. Of course, if a person, in crossing a street or public highway, sees, in dangerous

proximity, an approaching team, automobile, or other vehicle, and that its speed is such as to render the attempt to cross in front of it dangerous, and under such circumstances walks in front of it and thereby suffers injury, such person would be guilty of contributory negligence.—*Corona C. & I. Co. v. White,* 158 Ala. 627, 48 South. 362, 20 L. R. A. (N. S.) 958; *W. C. Barbour v. Ben Shebor,* 175 Ala., 58 South. 276. "Automobiles have no special privileges in the streets more than other vehicles. They simply travel upon the streets with the same privileges and obligations as other vehicles; and the mere fact that they *can* run faster than other vehicles does not give them any right to run at a dangerous rate of speed, any more than the fact that one man drives a race horse gives him a right to travel the streets at a *higher rate of speed* than another who drives a *plug.* The simple rule is that drivers on the streets and pedestrians, each recognizing the rights of the other, are required to exercise reasonable care."—*W. C. Barbour v. Ben Shebor, supra.*

The driving of an automobile on a public highway necessarily imposes upon the person in charge of its operation the duty of exercising reasonable care to avoid inflicting wrong and injury upon others, who may lawfully be using the same highway.—*Overton v. Bush,* 2 Ala. App. 623, 56 South. 852. The automobile is now the most dangerous vehicle in common use, and in operating it upon a public highway the operator must enlarge to a "commensurate extent the degree of vigilance and care necessary to avoid injuries which the use of his vehicle has made more imminent.—Berry on Automobile Law, § 119.

In the present case the facts are that the appellee, while walking along the Old Shell road, near the city of Mobile, was run over or knocked down by appellant's

automobile.   The Old Shell road is a much-traveled thoroughfare, and is largely used by the drivers of automobiles and other vehicles.  The appellee was walking on one side of the road, when the appellant, who was driving his own machine, came up behind her and struck her, inflicting painful injuries upon her.   The testimony is in dispute as to the gravity of the injuries which were so received by the appellee.   The appellee's testimony tended to show that she was struck by the automobile while she was walking along the road, and that she did not know of the approach of the automobile until after she was struck.   The appellant's testimony, on the other hand, tended to show that he saw the appellee ahead of him some distance before he reached her; that he did not sound his horn or give her any notice of his approach, other than such notice as the noise of the machine might have given her; and that when he reached a point within eight or ten feet of her she ran in front of his machine, and that, although he undertook to avoid the injury, he could not then do so.

There were three counts to the complaint.   The first two counts charge that the injury was due to the simple negligence, and the third that it was due to the wantonness, of the appellant.

There were several pleas to the complaint.   As the appellee was under no duty to "look and listen" before attempting to cross the highway, plea 2 was manifestly subject to the demurrer which was interposed to it.

Plea 3 sets up that the appellee attempted to cross the road in front of "said approaching automobile when, by crossing or attempting to cross said Old Shell road, she was liable to be stricken by said automobile." This plea does not allege that appellee, when she attempted to cross the road, knew of the approach of the automo-

bile, or that she was "liable" to be struck by it, and was manifestly bad.

Plea 2, as amended, sets up that the appellee attempted to cross Old Shell road in front of said approaching automobile, "when she knew that by so crossing or attempting to cross said Old Shell road in front of said approaching automobile she was liable to be stricken by said automobile." This plea does not aver that the automobile was traveling at a high rate of speed, or that it was in close proximity to appellee when appellee attempted to cross the road.

The word "liable," in the connection in which it is used in this plea, does not mean "probably." As used in this plea, it can have no higher meaning than "possibly." Webster says "liable" denotes something external which *may* befall us. "Subject" refers to evils which arise chiefly from internal necessity, and are *likely* to do so. Hence the former applies to what is accidental; the latter to things from which we *often* or inevitably suffer.

In the case of *Beasley v. Linehan Transfer Co.,* 148 Mo. 413, 50 S. W. 87, the Supreme Court of Missouri said: "An event is 'liable' if its occurrence is within the range of possibility." In the case of *Williams v. Southern Railway Co.,* 119 N. C., 746, 26 S. E. 32, the trial court, in charging the jury in an action by a servant against a master for injuries received by the servant from the fall of a timber, said: "It was negligence to raise a log with a rope, if the rope was so fastened that it was liable to slip off and injure the plaintiff, or any one else employed under Reister and working there that day." Commenting upon that charge, the Supreme Court of North Carolina, in the opinion in the above case, said that the instruction was erroneous, as warranting the inference that, if the rope was so

tied that by any accident due to any cause, however unexpected, it might slip off, the defendant was negligent. —5 Words and Phrases, 4110.

A man is *liable* to be killed whenever he takes a trip upon a railroad, because of the known accidents to which railway travel is subject. A man is *liable* to be drowned whenever he takes a trip up a boat, because of the known dangers of the sea. A man cannot cross a traveled street in which he sees a vehicle or automobile near him without the knowledge that he is *liable*—not *likely*—to be hurt, if, perchance, the person in charge of the vehicle or automobile disregards his presence and negligently drives his vehicle or automobile over him.

It is evident that pleas 2 and 3, as amended, were also subject to the demurrers which were interposed to them.

After the court had sustained the demurrers to pleas 2 and 3, as amended, the appellant was again permitted to amend said pleas 2 and 3. It is manifest that plea 2, as thus again amended, was subject to the same grounds of demurrer, as it was before the last amendment.

Plea 3, as thus amended, which fails to aver that appellee knew of the approach of the automobile, or that it was traveling at a high rate of speed, was also subject to demurrer, because the appellee owed the appellant no duty to look or listen before attempting to cross the road, or to use ordinary diligence, before attempting to cross the road, to ascertain whether appellant's automobile was in dangerous proximity to her or not. The law gave to the appellee the right, without looking or listening or exercising other precaution, traveling along the Old Shell road, to presume, unless she knew to the contrary, that if an automobile was approaching when she undertook to cross the road its driver had it under control, and would not injure her. It seems to us that

[Terrill v. Walker.]

the opinion of the Supreme Court, in the case of *W. C. Barbour v. Ben. Shebor, supra,* disposes adversely to appellant of all the questions which he has presented to this court upon the pleadings, and that the trial court was free from error in its rulings on the pleadings.— *Bridgeport Water Co. v. Goodwin,* 132 Ala. 535, 31 South. 490; *Corona C. & I. Co. v. White,* 158 Ala. 630, 48 Soutm. 362, 20 L. R. A. (N. S.) 958; *Osborne v. Ala. Steel & Wire Co.,* 135 Ala. 575; 33 South. 687; *L. & N. R. R. Co. v. Bargainier,* 168 Ala. 576, 53 South. 138.

2. The excerpt from the argument of counsel for appellee to which exception was taken was a mere argument, and contained no statement of fact. We do not think the refusal of the court to exclude it from the jury constitutes reversible error.—*Cross v. State,* 68 Ala. 476; *Lide v. State,* 133 Ala. 62, 31 South. 953; *Johnston Bros. Co. v. Bentley,* 2 Ala. App. 281, 56 South. 742.

3. We are not of the opinion that this court should disturb the ruling of the trial court in overruling the appellant's motion for a new trial. When the evidence is in conflict on the only point in issue, this court will not put the trial court in error for overruling the motion for a new trial, after verdict rendered, unless it plainly and palpably appears that the evidence fails to support the verdict.—*Deming Co. v. Bryan,* 2 Ala. App. 317, 56 South. 754; *Montgomery-Moore Co. v. Leeth,* 2 Ala. App. 324, 56 South. 770.

There is no error in this record, and the judgment of the court below is affirmed.

Affirmed.


On Application for Rehearing.

The above opinion, at the time it was handed down, expressed the law of Alabama on the subject therein discussed, as we understood it under the *then* decisions

of the Supreme Court.—*W. C. Barbour v. Ben Shebor, present term.*

Since the rendition of the opinion in the above case of *Barbour v. Shebor,* the Supreme Court has, however, rendered the opinion in the case of *Adler v. Martin,* 59 South. 597, present term. In the latter case the Supreme Court says that, while it cannot be affirmed, as matter of law, that a pedestrian's failure before crossing a street, to first look up and down the street for approaching vehicles is or is not per se negligence on his part, nevertheless that his failure so to do may, under certain circumstances, depending upon "the character of the street, the extent of its use by vehicles, the kind of vehicles that frequent it, and the locus of the attempted crossing," etc., amount to negligence.

In the instant case, under the decision of the Supreme Court in *Adler v. Martin,* supra, plea 3, as last amended, which the Reporter will set out in his report of this · case, was not subject to the plaintiff's demurrer.

It is not to be supposed, from anything that was said by the Supreme Court in the case of *Adler v. Martin, supra,* that, because it may be negligence in a person to cross a particular highway at a particular place at one time without looking for approaching vehicles, it is negligence for that person to cross that highway at another time without looking and listening for approaching vehicles. The Old Shell road may, at certain hours of the day, be so frequently used by automobiles and other vehicles as to render it an act of negligence on the part of a foot passenger to attempt to cross it without looking and listening for approaching vehicles, when, at another hour of the day, its use for the above purposes may be so slight or infrequent as to cast no duty upon a foot passenger to look and listen for the approach of vehicles.—*Adler v. Martin, supra.*

[Terrill v. Walker.]

The Supreme Court, in *Corona Coal & Iron Co. v. White*, 158 Ala. 630, 48 South. 362, 20 L. R. A. (N. S.) 958, declared broadly that "a person traveling on the public streets has a right to presume that horses moving on said streets are under the control of their owners; and it is not contributory negligence to walk on the sidewalks and to cross the streets without looking up and down the street, although, of course, it would be negligence to walk right in front of a moving team."

In the case of *Barbour v. Shebor, supra,* the Supreme Court applied to the drivers of automobiles the same rule which had been applied to the driver of a team of horses in *Corona C. & I. Co. v. White, supra,* and held that a plea, setting up as a defense that plaintiff "negligently attempted to cross said street without looking for said automobile, which was then and there approaching in rapid motion on said street, and was struck by said automobile and injured, although he knew that automobiles were likely to pass on said street at any moment," was insufficient, on demurrer, upon the ground stated in the opinion that the plaintiff was under no duty to look or listen before attempting to cross the street. The Supreme Court, in the case of *Adler v. Martin,* referring to the above plea in the case of *Barbour v. Shebor,* uses the following language: "It will suffice, for present purposes, to say that a pedestrian's failure *to look* for any particular automobile cannot be characterized as negligent, unless he knew it was approaching in such proximity as might render his inattention a menace to his safety. And so 'negligently attempting to cross the street' without looking *generally* for a particular car is *not the equivalent of a negligent failure to look up or down the street in the direction from which the car might be approaching.*"

35 CA

It is argued that the difference between the plea held to be subject to demurrer in the case of *Barbour v. Shebor, supra,* and the plea under consideration in the instant case is extremely narrow; but the Supreme Court, in *Adler v. Martin, supra,* has nevertheless drawn the distinction, and plea 3, as last amended, offends the very language of the Supreme Court last above quoted.

The rules, therefore, which had been laid down in *Barbour v. Shebor, supra,* and in *Corona C. & I. Co. v. White, supra,* have been modified, or at least explained, by the decision in *Adler v. Martin, supra.* The opinion in that case was rendered by the Supreme Court pending this application for a rehearing, and, conforming our opinion to that of the last adjudication of the Supreme Court on the subject, we are of the opinion that the demurrer to plea 3, as last amended, should have been overruled.

The application for a rehearing is therefore granted, the order of affirmative set aside, and for the error pointed out the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.