[Dozier v. Woods.]

# Dozier *v.* Woods.

## *Automobile Accident.*

(Decided November 7, 1914. Rehearing denied December 17, 1914.
67 South. 283.)

1. *Highway; Use; Due Care.*—Travelers on a public highway must conduct themselves reasonably in such a manner as to avoid injuring other travelers on the highway.

2. *Automobiles; Injury to Pedestrians; Complaint.*—Where a complaint alleges facts showing that defendant owed plaintiff a duty, both being in the use of a public highway, defendant in his automobile and plaintiff on foot, and further alleges negligent performance or neglect of duty owed plaintiff by defendant under such facts, it is not subject to demurrer.

3. *Same; Contributory Negligence.*—The plaintiff who was driving a cow and a calf along the public road owed no duty to look and listen for the approach of defendant's automobile from the rear where the defendant saw her first, at a distance of 75 yards coming from behind her, knew that she did not hear his horn, and kept on until he struck her; plaintiff was therefore entitled to affirmative instructions as to defendant's plea of contributory negligence hypothesized as above stated.

4. *Same; Wanton or Reckless; Jury Question.*—Under the evidence in this case it was a question for the jury to determine whether the defendant in operating his automobile showed such reckless indifference to the plaintiff's rights as to amount to wantonness.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Lula Woods against George Dozier for damages for being struck by an automobile. Judgment for plaintiff in the sum of $150, and defendant appeals. Transferred from Court of Appeals. Affirmed.

The first count states that defendant was in charge of an automobile, and did negligently run said automobile upon or against plaintiff, who was then and there on the Mt. Meigs road, a public road or highway in said county, and by reason of said negligence, and as a proximate consequence thereof, plaintiff received

personal injuries, which are set out in extenso. Count 2 states that defendant was engaged in operating an automobile in the county of Montgomery and state of Alabama, and, while so operating said automobile upon or along the Mt. Meigs Road in said county, defendant was so negligently operating said automobile that by reason thereof, and as a proximate consequence thereof, said automobile collided with plaintiff, who was then and there upon said Mt. Meigs Road, a public road in said county, and by reason thereof plaintiff received the following personal injuries, which are set out. Count 3 states the same facts as count 1, but with the averment that defendant did wantonly or willfully run said automobile upon or against plaintiff. The demurrers raise the question discussed in the opinion.

L. A. SANDERSON, for appellant.

HILL, HILL, WHITING & STERN, for appellee.

DE GRAFFENRIED, J.—(1) Travelers upon a public highway owe a duty to others traveling upon such highway, and that duty requires them to so reasonably conduct themselves in the use of the highway as that they will not injure others who are also traveling upon such highway.

(2) In this case each simple negligence count shows that the defendant was traveling in an automobile upon a public highway, and that the plaintiff was lawfully walking along such highway. The law therefore cast the duty on the defendant to drive his automobile in such reasonable way as not to injure the defendant. Each simple negligence count of the complaint shows therefore that, at the time the plaintiff was injured, the defendant owed the plaintiff a duty, and, this being

true, the general allegation in the counts showing that the defendant negligently performed the duty, or performed it in a negligent manner, and that the plaintiff was thereby injured, was sufficient. These counts —the first and second—were not subject to the defendant's demurrer.—*Sloss-Sheffield Steel & Iron Co. v. Weir,* 179 Ala. 277, 60 South. 851; *Terrill v. Walker,* 5 Ala. App. 535, 59 South. 775; *Adler v. Martin,* 179 Ala. 97, 59 South. 597.

1. The evidence in this case all shows that the plaintiff was ignorant of the approach of the automobile until the moment she received her injuries. She was on a highway—not in a town or city—driving a cow and calf. Her attention was directed to the cow and calf, and this the defendant knew, and he also knew that she was ignorant of his approach. He says that he sounded his horn, but he also says that he knew that she did not hear him. The defendant approached the plaintiff from the rear, and he shows by his testimony that when he first saw her she was 75 yards ahead of him, with her back to him, and that she continued walking along the road with her back to him until the moment of the injury.

Under the circumstances shown, the plaintiff owed the defendant no duty to look or listen for the approach of his automobile.—*Adler v. Martin, supra; Terrill v. Walker, supra.*

(3) The plaintiff was entitled to affirmative instructions in her behalf as to the plea of contributory negligence.

2. We are inclined to think from the size of the plaintiff's verdict that the jury gave her nothing under the wanton (third) count. There were circumstances shown by some of the testimony, from which the jury, if they believed that testimony, had the right to infer that

at the time of the injury the defendant was traveling at a much greater rate of speed than four or five miles per hour. The defendant testified that he stopped his automobile at the point where the plaintiff received her injuries. In other words, that he stopped his automobile instantly, a thing which he could, of course, have done if he was then traveling at the rate of only four or five miles per hour. On the other hand, a woman, Pinkey Jenkins, testified, in one part of her testimony, that "the automobile had gone a little piece beyond her." In another place, she said, "The automobile was standing right close to where she was on the ground."

(4) We think that the testimony not only contradicts the testimony of the defendant as to the speed of the automobile, but that, taking into consideration the situation of the plaintiff—she was driving a cow with a rope and belaboring the cow with the rope at the time of the accident—and that the defendant knew of the situation of the plaintiff, and that she was oblivious of his approach, the jury might have inferred that the defendant, on the occasion and under the circumstances named, drove his automobile in such a way and at such speed as to indicate that reckless indifference to the rights of the plaintiff as amounted to wantonness. The defendant himself testifies that the plaintiff, when, or just after, she was struck, "was on the fender of the car," and that she "stayed on it possibly a second." The defendant, it is true, testified that the plaintiff, being startled by the automobile, jumped on the fender and then fell off. The plaintiff, however, testified that "the automobile ran in and picked her up and threw her out into the road and knocked her unconscious." Here, then, is a direct conflict as to the manner of the injury, and also, we think, a conflict as to the speed of the automobile. An automobile going four or

[Western Union Telegraph Co. v. Appleton.]

five miles an hour, and which was stopped instantly, could hardly have run into the plaintiff and then "picked her up and thrown her out into the road and knocked her unconscious."

Under all the evidence, the trial judge was not authorized to take the question of wantonness vel non from the jury.—*Bates v. Harte,* 124 Ala. 427, 26 South. 898, 82 Am. St. Rep. 186; 2 Mayf. Dig. p. 562, subd. 18.

The judgment of the court below is affirmed.
Affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.