## CHILDERS v. SAMOSET COTTON MILLS.
### (7 Div. 370.)

(Supreme Court of Alabama. May 6, 1926. Rehearing Denied June 24, 1926.)

**I. Electricity ☞19(2)—Plea alleging decedent knew tools were "liable" to be charged with electricity held not demurrable.**

In action for death on coming in contact with current of electricity escaping from electric motor, defendant's plea alleging .that decedent was guilty ,of contributory negligence, in that, knowing that tools placed near motor were liable to be charged with electricity, decedent placed an iron bar near motor and thereafter sought to pick it up, *held* not subject to demurrer because of use of word "liable."

**2. Pleading ☞34(1).**

Defendant's plea is construed as a whole and in connection with the complaint.

**3. Electricity ☞19(2)—Plea held not demurrable as imputing knowledge of danger to another workman rather than deceased coming in contact with current of electricity.**

In action for death from electric shock, defendant's plea that plaintiff was guilty of contributory negligence, in that, knowing that motor was connected with wires carrying deadly current of electricity, decedent sought to remove iron bar which had been placed near motor by himself, or father, knowing that bar was liable to be charged with deadly electricity, *held* not demurrable as imputing knowledge of danger to father rather than decedent.

Anderson, C. J., and Thomas, J., dissenting.

Appeal from Circuit Court, Talladega County; , A. P. Agee; Judge.

Action by S. S. Childers, as administrator of the estate of L. E. Childers, deceased, against the Samoset Cotton Mills. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 213 Ala. 292, 104 So. 641.

Count A is as follows:

"Plaintiff, who sues as the administrator of the estate of L. E. Childers, deceased, claims of the defendant, Samoset Cotton Mills, a body corporate, $100,000, as damages, for that on, to wit, December 14, 1920, plaintiff's intestate, L. E. Childers, while upon the premises of the defendant as an invitee of the defendant in the active performance of work for the Gallivan Building Company, an independent contractor of the defendant, then engaged in the construction of certain buildings on the premises of the defendant at or near Talladega, Ala., and while plaintiff's intestate was actively engaged in said work at which he was put by the said Gallivan Building Company for the benefit of the Samoset Cotton Mills Company, he, plaintiff's intestate, came in contact with a high and deadly current of electricity which escaped from an electric motor furnished by the defendant to said Gallivan Building Company for the use of the Gallivan Building Company and

the persons said Gallivan Building Company was using on said premises in doing said work on said premises, which motor said defendant assumed and undertook to maintain in reasonably safe condition for such use and purpose at the time of the grievances herein complained of, with knowledge of said Gallivan Building Company and the persons being used by it in the prosecution of said work, who relied upon defendant to maintain said motor, one of whom was plaintiff's intestate.

"Plaintiff avers that the death of his intestate was proximately caused by the negligence of defendant, its servants or agents, while acting within the line and scope of their employment, which negligence consists in this: Said defendant, its agents or servants, while acting within the scope of their employment, negligently failed to maintain said electric motor in a reasonably safe condition for the purpose aforesaid, and as a proximate consequence thereof plaintiff's intestate was killed."

Pleas 6 and 7 are as follows:

"(6) Defendant avers that plaintiff's intestate was guilty of contributory negligence which proximately contributed to his injuries in this: That plaintiff's intestate had knowledge of the fact that the motor operated by electricity with a high-tension current was a dangerous thing to come in contact with, and it was dangerous to place iron tools near said motor or in the house where such motor was situated, and after the same were placed therein to seek to remove the same therefrom, as such tools were liable by being placed therein to be' charged with electricity, and with such knowledge the plaintiff's intestate negligently placed an iron bar, or bars, in said motor house, and negligently sought to pick up or remove said bar which was charged with electricity, and in so doing was killed."

"(7) Defendant avers that the plaintiff was guilty of contributory negligence which proximately contributed to his injuries, in this: That while engaged working upon the premises .of the defendant, he went near a motor and a house in which the same was situated, knowing that said motor was connected with wires carrying a deadly current of electricity, and with such knowledge he negligently sought to remove an iron bar which had been placed there by himself or his father, who also. worked at such position, knowing that after such iron bar had been placed in such house that it was liable to be charged with the high-tension deadly electricity, and it was a dangerous thing to remove the same, and that with such knowledge he negligently attempted to pick up or remove said iron bar which was. so charged, and in doing so was killed."

J. B. Brown, of Cullman, and Fred G. Koenig, of Birmingham, for appellant.

Defendant's pleas are insufficient. Connors-Weyman Steel Co. v. Kilgore, 189 Ala. 643, 66 So. 609; M. L. & W. P. Co. v. Thombs, 204 Ala. 678, 87 So. 205; 20 R. C. L. 107, 110; Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep. 422. The statement in a plea that a thing is "liable" to happen is stating nothing more than that such thing may possibly hap-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pen. Terrill v. Walker, 5 Ala. App. 535, 59 So. 775; Beasley v. Linehan Co., 148 Mo. 413, 50 S. W. 87; Williams v. Southern R. Co., 119 N. C. 746, 26 S. E. 32.

Knox, Dixon, Sims & Bingham, of Talladega, for appellee.

The word "liable" means exposed to a certain contingency; likely. Webster's New Int. Dict.; 3 Words and Phrases (2d Ed.) 96; Black's Law Dict. (2d Ed.) 719; Hallum v. Omro, 122 Wis. 337, 99 N. W. 1051; Adams v. Moberly L. & P. Co. (Mo. App.) 237 S. W. 162. The use of the word in a plea must be construed with the facts alleged. Where the pleas aver knowledge of the dangerous character of the electricity, etc., they are good, even without the averment that the tools were liable to be charged. Chartier v. Barre Wool Co., 229 Mass. 153, 118 N. E. 263; Dorough v. Ala. Power Co., 200 Ala. 605, 76 So. 963. The oral charge of the court correctly interpreted the pleas. Best Park Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; 4 C. J. 929.

BOULDIN, J. The questions presented for review on this submission relate to rulings of the trial court on demurrers to pleas of contributory negligence Nos. 6 and 7 as adressed to count A of the complaint. Plaintiff interposed many grounds of demurrer aptly raising the objections here insisted upon to the sufficiency of these pleas. These demurrers were overruled.

[1, 2] Upon careful study of plea No. 6, we think its natural and obvious meaning is that death resulted from negligence in picking up the bar under conditions known to be dangerous. Other averments of the plea recite the conditions from which the danger arose, with knowledge that these conditions rendered the bar dangerous to the touch.

Emphasis is laid upon the word "liable" in the clause, "as such tools were liable by being placed therein to be charged with electricity." It is true the word "liable," when used alone in defining the degree of hazard, is not sufficient to impute negligence. "An event is liable if its occurrence is within the range of possibility." A. G. S. R. R. Co. v. Smith, 209 Ala. 301, 96 So. 239; Terrill v. Walker, 5 Ala. App. 535, 59 So. 775. In the connection here used the clause relates to the cause or condition, rather than the degree of peril. Dangerous because liable to be charged with electricity is the import of the clause. In neither of the above cases was the word coupled with averments that the act was known to be dangerous, but, on the contrary, with averments denoting no such present known risk as indicated a want of ordinary care. Indeed, the Terrill-Walker Case, supra, relied upon by appellant, involving a street crossing accident, notes the difference in these words:

"* * * If a person, in crossing a street or public highway, sees, in dangerous proximity, an approaching team, automobile, or other vehicle, and that its speed is such as to render the attempt to cross in front of it dangerous, and under such circumstances walks in front of it and thereby suffers injury, such person would be guilty of contributory negligence."

The word "dangerous" is used in that case, and constantly employed in law writing, pleading, and common parlance to denote that degree of peril which, when known, and disregarded, marks such want of care as constitutes negligence.

The plea is construed as a whole and in connection with the complaint. Both show death was the direct result of taking hold of the highly charged bar. Having knowledge that it was dangerous to pick up a metal bar left near a highly charged motor by reason of the bar becoming electrified, yet deceased did pick it up and was killed, clearly shows proximate cause.

[3] Plea No. 7 is somewhat clearer than No. 6. It cannot be fairly construed as imputing knowledge of the danger to the father, rather than the deceased.

The court below charged the jury on these pleas as follows:

"* * * The burden rests upon the defendant to establish his special pleas, and unless he has reasonably satisfied the jury of those pleas, he does not take anything under them. He must reasonably satisfy the jury that this plaintiff's intestate had knowledge that this motor was operated by high-tension electricity, and that it was dangerous to come in contact with it, and that it was dangerous to place iron tools near the house or in the house where the motor was situated, and if they were placed therein to seek to remove them, because they were liable to be charged with a deadly current of electricity, and it is furthermore shown to your reasonable satisfaction that it was negligence on his part to pick them up and try to remove them from that motor house, and that they were liable to be charged with a deadly current of electricity which would make it dangerous for him to touch them and try to remove them, and unless the defendant has reasonably satisfied you of these facts, as I stated just now, he would not be entitled to take anything by reason of his two special pleas."

This instruction correctly interpreted the pleas. The issue went to the jury and was found for defendant.

Finding no error in these rulings presented, the judgment of the court below is affirmed.

Affirmed.

SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.

ANDERSON, C. J., and THOMAS, J., dissent. They hold plea No. 6 was subject to demurrer. Terrill v. Walker, 5 Ala. App. 535, 59 So. 775, and cases there cited.