# Southern Ry. Co. *v.* Gullatt.

*Action for Damages for Injury to Trespasser.*

(Decided April 11, 1907. 43 So. Rep. 577.)

1. *Evidence; Judicial Notice; Operation of Trains.*—The courts do not take judicial knowledge of the fact that a train going at the rates of twenty or twenty-five miles an hour can be stopped within eighty or ninety yards.

2. *Railroads; Injury to Trespasser; Care Required.*—The operators of a train are under no duty to attempt to stop the train until they discover that the trespassers standing or walking on the track cannot or will not get off.

3. *Same.*—A person was lying on the railroad track and was discovered by the engineer and fireman in charge of the train about eighty or ninety yards before he was struck; there was no evidence to show that the train could have been stopped in time to avoid striking him or that the operatives did not attempt to stop as soon as they discovered his peril. Held, as a matter of law the railroad was not liable.

4. *Trial; Burden of Proof; Presumption.*—Where a plaintiff with the burden of proof fails to make a case by his evidence the

[Southern Ry. Co. v. Gullatt.]

defendant need not introduce any evidence and his failure to do so creates no presumptions or inferences in aid of plaintiff's case.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Samuel Gullatt, as administrator, against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This was an action for killing a person on defendant's right of way or track. Demurrers were interposed to the first count, and sustained. The third count was charged out by the court. The second count alleged that plaintiff's intestate was on the track and in a position of peril from the approaching train; that the agents and servants of defendant saw the peril of the intestate in time to have avoided the injury, but negligently ran the train over and against him, killing him. Issue was joined on the general issue and a plea setting up that the servants of the defendant in charge of the train did not discover that plaintiff's intestate was in a position of peril and that he was ignorant thereof, and would not or could not extricate himself therefrom in time to prevent the injury sustained.

HUMES & SPEAKE, for appellant.—The deceased was clearly a trespasser on the track and under the well settled principles of law defendant owed him no duty to look out for him but only the duty of using reasonable efforts to prevent injuring him after discovering his peril on the track and after becoming aware that he could not or would not extricate himself therefrom.— *Bush's Case*, 122 Ala. 470; *Moorer's Case*, 116 Ala. 642; *Black's Case*, 89 Ala. 213. Hence, under the evidence in this case, the court should have directed the verdict for defendant.— Authorities supra; *Nave's Case*, 96 Ala. 264; *Nash's Case*, 136 Ala. 177; *Mitchell's Case*, 134 Ala. 261; *Mizell's Case*, 132 Ala. 504; *Ross' Case*, 100 Ala. 368; *Harris' Case*, 142 Ala. 249. Defendant was not called upon to offer any evidence.

BILBRO & MOODY, for appellee.—Defendant declined to examine the engineer who was defendant's representative witness, and this failure is a circumstance against defendant to re-inforce the inference that deceased was on the track and that his death could have been avoided by means at the hands of those in charge of the train.— *Brock v. The State,* 123 Ala. 24; 16 Cyc. pp. 1053-4.

ANDERSON, J.—The intestate was a trespasser on the defendant's track at the time he was killed, whether standing, walking, or lying down, and was at a point on the line where the defendant owed him no duty to keep a lookout, but owed him only the duty of using all reasonable efforts to prevent the injury after discovering his peril on the track and after becoming aware that he could not or would not extricate himself therefrom.— *Southern Ry. Co. v. Bush,* 122 Ala. 470, 26 South. 168; *Black's Case,* 89 Ala. 313, 8 South. 246; *Moorer's Case,* 116 Ala. 642, 22 South. 900. There was no proof in the case at bar that the intestate's peril was discovered in time to stop the train before striking him; nor were the facts sufficient to create an inference that would justify the refusal of the general charge for the defendant. There was no evidence that those in charge of the engine were looking forward at the time, or that, if they were, and could have seen the intestate, he was lying down and thus in a perilous position.

It is insisted that there was an inference that he was lying down, else the witness Kenemar would have seen him, and that the engineer and fireman must have seen him when they blew the whistle 80 or 90 yards from where he was struck by the train. Conceding that these facts create an inference, which we do not decide, that he was seen 80 or 90 yards from where he was struck, and that he was lying down, there was no proof that the train could have been stopped in time to have saved him. This court cannot take judicial knowledge of the fact that a train going at the rate of 20 or 25 miles an hour could have stopped within 80 or 90 yards. Therefore the general charge, requested by the defendant, should have been given. It is true we may, as a matter

of common knowledge, know that, if the trainmen made the proper efforts to check the train when the alarm was given by the blowing of the whistle, the speed would have been reduced; but, if he was not lying on the track when discovered, they had the right to assume that he would get off, and were under no duty to attempt to stop the train until they discovered that he could not or would not get off. On the other hand, if he was lying down on the track, nothing short of stopping the train before it reached him could have saved him. Moreover, there is nothing to show that they did not attempt to stop the train as soon as they blew the whistle.—*Rush's Case, supra; Nave v. A. G. S. R. R.,* 96 Ala. 264, 11 South. 391.

It is insisted by counsel for appellee that the defendant's failure to put the engineer Anderson on the stand, who was present at the trial, and examine him, "reinforces the inference that the intestate was on the track and that his death could have been avoided," and cites the dissenting opinion of Tyson, J., in the case of *Brock v. State,* 123 Ala. 24, 26 South. 329, and authorities elsewhere. The question considered in this case has no application to the case at bar, and it is needless for us to comment on the principle involved. We merely add that the failure to examine the witness in the case at bar could not prevent the general charge for the defendant, if the plaintiff had failed to make out his case. When the plaintiff, upon whom lies the burden of proof, fails to make out his case, it is not incumbent upon the defendant to introduce any evidence, and his failure to do so should not create inferences for the purpose of making out a case for the plaintiff after he had failed to make out one for himself.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.