# Montgomery Light & Traction Co. *v.* Harris.

### Injury to Passenger.

(Decided Feb. 10, 1916. Rehearing denied June 30, 1916.
72 South. 545.)

**Carrier; Passenger; Contributory Negligence; Instruction.**—A charge asserting that if, under all the evidence in this case, the jury find that plaintiff's own negligence contributed proximately, even in the slightest degree to his fall, plaintiff cannot recover, was properly refused because assuming that plaintiff was negligent.

(Mayfield, J., dissents.)

APPEAL from Montgomery Circuit Court.
Heard before Hon. W. W. PEARSON.

Action by Ezekiel Harris against the Montgomery Light & Traction Company, for damages for personal injuries. Judgment for plaintiff and defendant appeals. Affirmed on rehearing.

RUSHTON, WILLIAMS & CRENSHAW, for appellant. HILL, HILL, WHITING & STERN, and BANKS, DEEDMYER & BIRCH, for appellee.

MAYFIELD, J.—The action is to recover damages for personal injuries. The trial was had on two counts, "1" and "A," each being predicated on simple negligence. To these counts the defendant pleaded the general issue, and, in short by consent, contributory negligence. The issues were found in favor of plaintiff, and his damages assessed at $3,000, and from the judgment defendant appeals.

The evidence was conflicting as to whether or not plaintiff was guilty of negligence which proximately contributed to his injury, and also conflicting as to the nature and character of the injuries, as well as to whether all of these injuries were the proximate result of the wrong complained of, or whether they could be referred to the negligence of the plaintiff subsequent to the initial negligence complained of. The record shows that each of these two questions was separately stressed and insisted upon in the examination of witnesses, and in the argument.

The defendant requested in writing, among others, the following charges: "(1) The plaintiff must not recover any damages for any injury or impaired physical condition that resulted proximately from the slightest negligence on his part, if you find from the evidence that he was negligent in the slightest degree, and that such negligence proximately contributed to the injury."

"(7) If under all the evidence in this case, the jury find that plaintiff's own negligence contributed proximately, even in the slightest degree, to his fall, the plaintiff cannot recover."

The court gave charge 1, but refused charge 7, which refusal the defendant assigns and insists upon as error to reverse. A charge very similar to charge 7 was held to be correct in the case of *B. R., L. & P. Co. v. Bynum,* 139 Ala. 389, 36 South. 736. The ruling was criticised, however, in the case of the same appellant against Fox, 174 Ala. 657, 676, 56 South. 1013, on the ground that the charge did not hypothesize the contributory negligence pleaded, as, under our rulings, only the particular contributory negligence pleaded is availing as a defense. It would seem that the latter case was a holding to the effect that the charge was good but for the defect pointed out in the opinion. That particular defect is not availing, as applied to the charge and record in question, for the reason that contributory negligence was pleaded in this case "in short by consent," and hence any proved negligence on the part of the plaintiff would be availing if it proximately contributed to the injury. The charge on its face certainly asserts a correct proposition of law. Such a charge should be given, when properly requested, in a case in which it is applicable, unless it can be refused for some one or more of the reasons insisted upon by appellee in this case, or for the reason pointed out in *Fox's Case, supra.*

We have above shown that the reason assigned in *Fox's Case* is not applicable here, and we will now notice the reasons assigned by appellee to justify its refusal. It is first insisted that the charge assumes that plaintiff was guilty of negligence, and does not submit that question to the jury. We are not impressed by this insistence. While the charge is possibly susceptible of this construction or criticism, we are of the opinion that such construction is not a natural or reasonable one, but rather is a strained and hypercritical one. We are of the opinion that it required the jury to find from the evidence that plaintiff was

[Montgomery Light & Traction Co. v. Harris.]

negligent, as well as to find that his negligence proximately contributed to his injury.

It is next insisted that the charge was in legal effect covered by charge 1, which was given. We cannot accede to this argument. Charge 1 was intended to relate, and did in fact relate and refer, to the negligence of the plaintiff subsequent to his fall, and not to the negligence of the defendant alleged to have caused his injuries. It related to the subsequent care and treatment of his alleged injuries, and to whether any part of his suffering, injuries, or damages was caused by his subsequent negligence. Charge 1 did not, as did charge 7, relate to negligence which proximately contributed to plaintiff's fall in the defendant's car, which concurred with the alleged negligence of defendant, which caused the fall and the injury. The only negligence sought to be shown on the part of the defendant was in the sudden stopping or lurching of a street car in which plaintiff was riding, and which caused him to fall and to receive the injury of which he complained. For this reason the charge was correctly referable to the facts as well as to the issues.

As was said in *Bynum's* and *Fox's Cases, supra,* the doctrine of comparative negligence does not prevail in this state, and it has always been consistently ruled in this jurisdiction that in actions like the one in hand any negligence on the part of the plaintiff, however slight, if it proximately contributed to the injuries complained of, will defeat an action for original simple negligence on the part of the defendant.—*Arnold's Case,* 114 Ala. 183, 191, 21 South. 954; *Holland's Case,* 91 Ala. 444, 454, 8 South. 524, 12 L. R. A. 232.

For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

RESPONSE TO APPLICATION FOR REHEARING.

PER CURIAM.—On consideration of the application for a rehearing, the majority of the court are of the opinion that on the authority of *Cunningham's Case,* 158 Ala. 369, 48 South. 109, charge 7 as set out in the opinion above was properly refused, because it assumes the negligence of plaintiff. Consequently the application is granted. The former judgment of this court, re-

versing and remanding the cause, is set aside and annulled, and the judgment of the lower court is affirmed.

ANDERSON, C. J., and MCCLELLAN, SOMERVILLE, GARDNER, and THOMAS, JJ., concur. MAYFIELD, J., dissents. SAYRE, J., not sitting.