# Thornton *v.* The Southern Railway Co.

### Death Action.

(Decided April 5, 1917.   75 South. 4.)

1. **Railroads; Injuries on Track; Contributory Negligence.**—Where a railroad's initial negligence in failing to ring a locomotive's bell, blow its whistle, and keep a lookout, as was required of the road's employees by statute, would not have resulted in the death of plaintiff's intestate but for the latter's own negligence, which either succeeded that of the road's employs, or concurred with it, plaintiff could not recover for the death as for simple initial negligence.

[Thornton v. The Southern Railway Co.]

**2. Railroads; Duty to Trespassers.**—A railroad owes no duty to keep a lookout for trespassers, but owes them the duty only to use all reasonable efforts not to injure them after discovering their peril.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Man Thornton against the Southern Railway Company for damages for the death of his intestate. Judgment for defendant and plaintiff appeals. Affirmed.

E. O. McCORD for appellant. HOOD & MURPHREE for appellee.

MAYFIELD, J.—The action is under the homicide statute. The complaint contained two counts, one declaring on the wanton or willful causing of the death of the plaintiff's intestate, and the other declaring on subsequent negligence—that is, negligence after the discovery of intestate's peril. To the last count there were filed pleas of contributory negligence.

At the close of the testimony the court directed a verdict for the defendant, and plaintiff appeals.

We are of the opinion that there was no error or injury in this ruling. We fail to find, after diligent search, any evidence, direct or indirect, which would authorize the jury to find a verdict for the plaintiff on either of the two counts.

There is no tendency of the evidence to show wantonness or willful injury, nor to show that the peril of intestate was ever discovered, either before or after any possible act of negligence. Without such tendencies of the evidence, of course, there could be no recovery of damages.

(1) The undisputed evidence showed that, if intestate was killed by any agent or agency of the defendant's, he was guilty of negligence proximately contributing to his own death, in the absence of any proof of wanton or willful injury or negligence on the part of the defendants' agents after discovery of intestate's peril. While there may have been evidence sufficient to carry the case to the jury on the question whether or not there was any negligence as to ringing the bell, blowing the whistle, and keeping a lookout, as was required of the defendant's agents by the statutes, yet granting that such negligence did intervene, it was, at most, initial negligence, and would not have resulted in the death of intestate but for his own negligence, which either succeeded that of defendant's agents, if such there were, or con-

curred therewith, and hence would prevent a recovery as for simple initial negligence. This principle has been so often reaffirmed that it is useless to cite authorities.

As before stated, the undisputed evidence showed that, if the intestate was stricken and killed by a passing engine or train of defendant's, he was at the time a trespasser on the track, where he had no right to be.

The following principles of law and the authorities cited are applicable to this case, and are conclusive against plaintiff's right to recover:

(2) A railroad owes no duty to keep a lookout for trespassers, but owes the duty only not to injure them after discovering their peril.—*Martin v. U. S. & N. Ry.*, 163 Ala. 219, 50 South. 897; *Julian's Case*, 133 Ala. 373, 32 South. 135; *Ross's Case*, 100 Ala. 490, 14 South. 282.

The plaintiff's intestate being a trespasser on the defendant's right of way, it owed to him only the duty of making all reasonable efforts to prevent injury after discovering his peril due to his being on the track, or in dangerous proximity thereto, and becoming aware that he could not, or did not intend to attempt to extricate himself therefrom.—*Southern Ry. Co. v. Gullatt*, 150 Ala. 318, 43 South. 577. Unless there is a knowledge of the peril, there is nothing upon which to predicate subsequent negligence.—*Johnson v. Birmingham Ry., L. & P. Co.*, 149 Ala. 538, 43 South. 33.

There is absolutely no testimony showing that the plaintiff's intestate was on the track, or in dangerous proximity thereto, in advance of an engine on defendant's railroad, or that the engineer in charge of the operation of any locomotive saw, or could have seen, intestate in time to prevent the injury. Nor is there any evidence affording a basis from which such an inference could be drawn. Under the undisputed facts in this case there was no duty resting upon the servants of the defendant to keep a lookout for the plaintiff's intestate at the point on the track where he was discovered fatally injured.—*Drake's Case*, 166 Ala. 540, 51 South. 996; *Smith's Case*, 165 Ala. 407, 51 South. 792.

The following cases involved injuries to trespassers on a railroad track: *Carlisle's Case*, 166 Ala. 591, 52 South. 341; *Stewart's Case*, 153 Ala. 138, 45 South. 51; *Johnson's Case*, 149 Ala. 537, 43 South. 33; *Stewart's Case*, 164 Ala. 171, 51 South. 324;

[Shelton v. Hacelip.]

*Gullatt's Case,* 150 Ala. 320, 43 South. 577; *Mizell's Case,* 132 Ala. 506, 31 South. 86; *Gullatt's Case,* 158 Ala. 504, 48 South. 472; *Atkinson v. Kelley,* 8 Ala. App. 581, 583, 62 South. 441; 7 Mayf. Dig. pp. 768, 769.

The evidence adduced did not bring this case within the doctrine of *Haley's Case,* 113 Ala. 640, 21 South. 357, or that of *Lee's Case,* 92 Ala. 271, 9 South. 230, involving places where the public were wont to use the railroad track in such numbers, and with such frequency, as to impose the duty on those in charge of trains to keep a lookout for such trespassers.

This case falls within the rule announced in *Whitehead's Case,* 179 Ala. 314, 60 South. 930.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.