(79 South. 43)

LOUISVILLE & N. R. CO. v. JOHNSON.

(6 Div. 624.)

(Supreme Court of Alabama. April 4, 1918.)

1. RAILROADS ⨀300—CROSSING ACCIDENT—TRESPASSER.

A child crossing a track at a crossing the public were accustomed to use is not a trespasser.

2. RAILROADS ⨀347(9)—CROSSING ACCIDENT—EVIDENCE.

In action for injuries to one crossing a track by being struck by a car propelled by other cars "kicked" down the track with no one on them to keep a lookout or give warning, evidence of long-continued use of the crossing by the public was admissible to show the duty of lookout at the crossing by those switching cars.

3. RAILROADS ⨀350(14) — CROSSING ACCIDENT—QUESTIONS FOR JURY.

Where plaintiff, a 14 year old child, testified that while crossing the track, after she had stopped, looked, and listened, she was struck by a standing car propelled by other cars "kicked" loose down the track, without warning, she was not guilty of contributory negligence as a matter of law.

4. RAILROADS ⨀348(7)—CROSSING ACCIDENT—QUESTIONS FOR JURY.

That plaintiff, run over while crossing a track, was injured only as to her hands and arms did not alone authorize the jury to find she was crawling under a car when injured.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Laura Johnson, pro ami, against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

This cause was tried upon count 1, the plea of general issue, and, in short by consent, the plea of contributory negligence, resulting in a judgment for the plaintiff in the sum of $1,500, from which judgment the defendant prosecutes this appeal.

Count 1 of the complaint reads as follows:

"Plaintiff, Laura Johnson, who sues by next friend, Janie Moore, claims of defendant $3,000, for that heretofore, on, to wit, March 8, 1916, the defendant was engaged in a general railroad business and operating railroad trains propelled by steam locomotives on a railroad in the city of Bessemer, a municipal corporation, in Jefferson county, Ala. And the plaintiff says that while she was then and there walking straight across defendant's railroad track, without loitering or lingering thereon, at a point where the public, including a large number of people then and there customarily and frequently walked across said track, the defendant's agent or servant, whose name to the plaintiff is unknown, in charge of one of said trains, and while acting within the line and scope of his employment, negligently caused a railroad car to then and there run violently against the plaintiff, and as a proximate result of said negligence the plaintiff received the following personal injuries and damage, to wit: A large part of her hand was cut off, her arm was crushed, mashed, and broken, and her other hand broken, mashed, and bruised, and she was otherwise more or less bruised and contused about the body and limbs, and has been caused to suffer great physical pain and mental anguish, has been greatly disfigured, and rendered permanently less able to work and earn money, to her damage aforesaid. And the plaintiff says that she was then and there at the time of her said injuries a minor of young and tender years, to wit, 13 years of age."

The testimony for the plaintiff tended to show that on March 8, 1916, her mother had sent her on business to the home of one Sam Wilder, who also lived in the city of Bessemer. That at the time she was between 13 and 14 years of age, and that one John Marshall, who was about 14 years of age, accompanied her. In going to the home of said Wilder, plaintiff had to cross railroad tracks in the switching yards situated in the city of Bessemer; she living on one side of said yards and Wilder living on the other side. The evidence shows that plaintiff and her companion went down Ninth alley and into the road; then down Twentieth street to Tenth avenue, and crossed the tracks at Tenth avenue close to the viaduct in a path which leads from Tenth avenue directly across the tracks in the switching yards, including the track of the Louisville & Nashville Railroad Company. They then went across the yards to what is known as Robertstown furnace to the house of Wilder on Twenty-third street, coming back the same way.

As the plaintiff was crossing the track, on her return home, at Tenth avenue, the track of the Louisville & Nashville Railroad, and while walking in the path directly across said track, she was struck by an ore car which had been standing a few feet from the path and knocked down upon the track, her hands getting caught in some way on the rails, resulting in the injuries catalogued in count 1 of the complaint. One car passed over her while she was lying between the rails, and another car passed partly over her. John Marshall, her companion, who was slightly in advance of the plaintiff, had just crossed the track at the time the plaintiff was struck, and assisted her out from under the cars, helping her to her home.

The evidence for the plaintiff further tends to show that at the time she and her companion were approaching or going on said Louisville & Nashville track, the ore cars were stationary, and no engine or train was attached thereto; that they stopped, looked,

and listened for any approaching train or engine, but saw none, and heard no noise or approach of any cars; that after she got upon the track the ore cars were struck by some other cars, which were "kicked" down the track, and which said cars had no one on them; that the "kicked" cars came upon the track on which the cars were standing which struck her (plaintiff), the engine being about at Eighth avenue, which was a considerable distance from where this accident occurred, and on the track on which the ore cars were standing. The place where the plaintiff was injured was a footpath across the Louisville & Nashville track, extending from Tenth avenue straight across the track, and is referred to by some of the witnesses as the Tenth avenue crossing. The evidence tends to show that it is a place where the public frequently and customarily cross the railroad, and had been so used for a number of years. There was evidence tending to show that this crossing was used by the public in going from one side of the city of Bessemer to the other side, known as Robertstown furnace, and that there were numerous residences located on each side of these tracks, there being several hundred dwelling houses on that side of the yards known as Robertstown furnace, as well as some stores along the car line, but the main portion of the city is on the side of the yards towards Tenth avenue. The evidence further tends to show that people cross the railroad yards in that neighborhood at various and sundry times, going from one side of the town to the other; that the wagon crossings are at Eighth and Fifth avenues, and that these are the only crossings for vehicles for a mile and a half; and that the only open avenue across the yards is Eighth avenue.

The plaintiff was injured between 7 and 8 o'clock in the morning, and her evidence was to the effect that she did not crawl under the cars, and was not attempting to crawl under any cars at the time she was struck, but was walking in the path straight across the track, and that she stopped, looked, and listened for any approaching train, but neither saw nor heard any.

The evidence for the defendant tends to show that none of the employés of the defendant were aware of any accident, or that the plaintiff was injured, and therefore knew nothing in regard to the injuries as testified to by the plaintiff and her companion, John Marshall. One of the employés of the defendant, however, testified that a few days after the accident, the witness John Marshall went with him in the yards and pointed out the place of the accident, a considerable distance from the Tenth avenue crossing, as the place at which the plaintiff was injured. Photographs of the yards at this place were offered in evidence by the defendant, which appear in the record. Some of the evidence for the defendant tends to show there is not a crossing at Tenth avenue where the plaintiff is said to have been injured. The defendant also offered testimony by way of contradiction of the plaintiff's testimony given in a former trial in a suit by her father against the defendant, growing out of this same injury.

While the evidence of the plaintiff and her mother was to the effect that she was under 14 years of age at the time of the injury, yet on cross-examination of the mother, she stated that plaintiff was born in Selma, and they moved from Selma about 15 years ago, but that she did not know how long it had been, saying:

"I never paid any strict attention what year we left, but seems 14 or 15 years, or something like that, from Selma."

Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, and Huey & Welch, of Bessemer, for appellant. Goodwyn & Ross, of Bessemer, for appellee.

GARDNER, J. The evidence for the plaintiff discloses that at the time of her injury she was walking in a path leading from Tenth avenue in the city of Bessemer straight across the tracks of the defendant railroad, and was on her way home from a visit, where she had been sent on business for her mother, on the other side of the switching yards in said city; that she was struck just as she had stepped over the first rail of said track by an ore car which had been standing near the path at the time she started across.

[1] It seems to be strenuously insisted by counsel for appellant that the plaintiff, under the evidence, was a trespasser. But it is quite clear under the decisions of this court that the plaintiff, thus in the act of crossing the track, under the circumstances here disclosed, was not a trespasser. Lloyd v. Central of Georgia Ry. Co., 200 Ala. 694, 77 South. 237, and authorities there cited.

The case of L. & N. R. R. Co. v. Porter, 196 Ala. 17, 71 South. 334, and other cases of like character cited by counsel for appellant, involve a longitudinal use of the track by pedestrians, and the distinction between these cases and "populous crossing" cases is briefly referred to in the Porter Case, supra.

The evidence further tends to show that the place where the accident occurred, in the city of Bessemer, is known as Tenth avenue crossing, and that the path which crosses the track at that point leads from said Tenth avenue straight across said track, and that there are quite a number of dwelling houses, as well as business industries, on the other side of the switching yards, and that this crossing has been in use by the public very generally for a number of years, as appears from a synopsis of the evidence found in the statement of the case.

[2] It is insisted that, as there was no count of the complaint charging wantonness, the evidence offered in regard to the frequent use of this crossing by the public was inad-

missible. The testimony for the plaintiff tended to show that the car which struck her was propelled by other cars, which were "kicked" loose by the engine and permitted to roll down this track and strike these stationary cars, with no one on them to keep a lookout or give warning. Under these circumstances, therefore, it was proper for the plaintiff to offer proof of a long-continued use of this crossing by the public to show a duty of lookout as to this particular place on the part of those engaged in switching cars. As was said by this court in So. Ry. Co. v. Shipp. 169 Ala. 327, 53 South. 150:

"Such evidence was competent and relevant to show the degree of care required to be exercised by the defendant's agents in moving their trains across such point of its track so used by the public as this was shown to have been used, and as tending to charge them with notice of such use by the public."

See, also, Duncan v. St. L. & S. F. R. R. Co., 152 Ala. 118, 44 South. 418.

The remaining assignments of error relate to the refusal of certain charges, which we think may be sufficiently treated in a general way, and the overruling of the motion for a new trial.

[3] Counsel for appellant insist there is some evidence from which the jury could infer that the plaintiff was over 14 years of age at the time of her injury, and a number of charges were requested, and were refused, to the effect that if she was over 14 years of age she was guilty of contributory negligence as a matter of law, and therefore not entitled to recover. This argument is based upon the theory that, notwithstanding the uncontradicted evidence for the plaintiff that she stopped, looked, and listened, and neither saw nor heard an approaching train or cars, yet her testimony to this effect must be set down with the impossible, and therefore disregarded upon the principle announced in Peters v. So. Ry. Co., 135 Ala. 533, 33 South. 332, and So. Ry. Co. v. Irvin, 191 Ala. 622, 68 South. 139. We think, however, no argument is necessary to disclose that these cases are without influence here. In the instant case the plaintiff was struck by reason of standing cars being propelled across the path where plaintiff was crossing the track, by other cars which were "kicked" loose by an engine quite a distance from the place of the injury, and permitted to run down the track without any one in charge or control thereof, or any warning given of their approach.

The physician who attended the plaintiff testified in regard to the injuries to her hands, and that he made no examination of her body other than injuries to her hands, as no complaint was made about any other injuries.

The plaintiff testified that the car struck her on the shoulder, and knocked her down on the track. The evidence tends to show that only one car passed over her, and a portion of another. There was no testimony tending to show that the plaintiff was crawling under the car at the time she sustained her injuries; but the testimony of the plaintiff was to the contrary.

[4] The defendant requested charge No. 7, which was refused, based upon the theory that if the plaintiff's body was not mangled, or otherwise injured, except her hands and arms, that from this fact alone the jury was authorized to find that she was crawling under the car at the time she sustained her injuries complained of. It is to be reasonably inferred from the evidence that the car which struck the plaintiff was moving slowly, and while the charge might well have been refused as argumentative or invasive of the jury's province, yet we are of the opinion that it stated an incorrect proposition under the evidence of this case, and was properly refused.

We are of the opinion what we have here said sufficiently covers the assignments of error argued by counsel for appellant, with the exception of the action of the court in overruling the motion for a new trial. The evidence has been very carefully considered; and, under the familiar rule announced in Cobb v. Malone, 92 Ala. 630, 9 South. 738, we are unwilling to predicate a reversal upon this action of the court. It results that the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.