*I* (87 South. 813)

**IVY v. MARX.** (6 Div. 2.)

(Supreme Court of Alabama. Nov. 25, 1920.)

1. Municipal corporations ⬤➝705(10)—Pedestrian, crossing at place other than crossing, must use additional vigilance.

A pedestrian, who crosses a street at a place where there is no regular crossing, may be chargeable with some additional vigilance.

2. Municipal corporations ⬤➝705(10)—Pedestrian need not stop, look, and listen.

The rule with regard to stopping, looking, and listening before crossing a railroad is without application to a person crossing a street.

3. Municipal corporations ⬤➝705(2)—Automobile driver must keep lookout for pedestrians crossing diagonally.

As a general rule of law, driver of an automobile must keep a lookout for pedestrians, whether the pedestrian is crossing the street at a regular crossing or diagonally.

4. Municipal corporations ⬤➝705(10)—That pedestrian violated ordinance in crossing diagonally did not excuse duty of lookout.

An ordinance, punishing by fine or imprisonment a pedestrian who crosses a street diagonally at a street intersection, does not relieve driver of automobile of his duty to keep a lookout for a pedestrian who crosses diagonally.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Leopold Marx against Paul A. Ivy. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellee recovered a judgment against the appellant on account of injuries sustained by the plaintiff as a result of being struck by defendant's automobile on one of the public streets of the city of Birmingham.

The complaint contained two counts, one a simple negligence count and the other a wanton count. The defendant pleaded the general issue, and also contributory negligence on the part of the plaintiff; one of such pleas being based upon the plaintiff's alleged violation of an ordinance of the city of Birmingham, requiring pedestrians to cross a highway only at an intersection.

The plaintiff's evidence tended to show that he was injured while on the walkway of one of the public streets in the city of Birmingham, while going in an easterly direction on the south side of Second avenue where it intersects Twenty-First street; that while on said walkway of the Second avenue sidewalk, about a yard or a yard and a half from the curbstone which is on the western side of Twenty-First street, he was struck by the defendant's automobile which

was being driven by defendant, going along Twenty-First street in a southerly direction, and was knocked down and carried or pushed by the automobile for a distance of about 30 feet, receiving permanent injuries; that it was growing dark, and he did not see the automobile, or hear its approach [no signal of any kind being given], and that the car had no lights; that it was being run at from 25 to 30 miles an hour, and in violation of the city ordinance. It is further shown that at the point where the plaintiff was injured there was much passing and repassing of vehicles and pedestrians, being one of the most frequented streets in the city, and that the defendant who was driving at a rapid rate of speed did not stop or check the speed before crossing the said walkway or sidewalk, and that the horn of the automobile was not sounded, or any other signal given of its approach.

The defendant's evidence was in conflict with that of the plaintiff's, to the effect that the car was going at a reasonable rate of speed, that the lights were burning and the horn blown, and that when plaintiff was struck he was not on the walkway, but out in the street some 30 feet from the highway intersection and 10 feet from the sidewalk on the south side of Twenty-First street; that when plaintiff was first seen he was immediately in front of defendant's car, and defendant exercised all possible care to prevent the accident after discovery of plaintiff's peril. Defendant also offered a municipal ordinance of the city of Birmingham in force at the time, which required pedestrians at this point to cross the highway only at highway intersections, and not diagonally, a violation of the ordinance being punishable by fine or fine and imprisonment, and that at the time the plaintiff was struck he was violating said ordinance.

Plaintiff's evidence tended to show that if defendant had been keeping a lookout he could have seen the plaintiff in time to have stopped the car and thus prevented the accident.

The question raised in the court below and treated in the opinion was presented by the charge requested by plaintiff and in one refused to defendant, which sufficiently appears by the charge which was refused to the defendant, as follows:

"I charge you that defendant was under no duty to be on a lookout for the plaintiff at any place on the street where plaintiff had no right to be, and if you believe from the evidence that plaintiff when injured was crossing the street at a place other than a highway intersection, defendant owed plaintiff no duty to be on the lookout for him while he was so crossing the street."

Cabaniss & Cabaniss, of Birmingham, for appellant.

No actionable negligence is shown. 171 Ala. 251, 55 South. 170; 143 Ala. 217, 38 South. 1013. Defendant had a right to presume that plaintiff would not violate the city ordinance by attempting to cross the street diagonally at a place other than the highway intersection, and hence owed him no duty to look out for him. 84 Ala. 149, 4 South. 618; 84 Ala. 154, 4 South. 621; 197 Ala. 71, 72 South. 366; 199 Ala. 532, 75 South. 4; Thompson on Negligence, §§ 28, 50, and 57.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The driver of an automobile owes the duty to the pedestrian to look out for them between intersections, as well as at intersections. Huddy on Automobiles, 539, note 61; Id. 541, and note; 2 R. C. L. 1186; 204 N. Y. 92, 97 N. E. 501, 38 L. R. A. (N. S.) 492. The violation of an ordinance is not per se contributory negligence. 82 Conn. 661, 74 Atl. 892, 25 L. R. A. (N. S.) 734, 18 Ann. Cas. 240; 82 Conn. 66, 72 Atl. 566; 24 Cal. App. 659, 142 Pac. 510; 189 Ala. 576, 66 South. 577; 175 Ala. 102, 57 South. 471; 184 Ala. 601, 64 South. 44; 90 N. J. Law, 289, 100 Atl. 184, L. R. A. 1917D, 690; 171 N. C. 612, 89 S. E. 61; 163 Wis. 234, 157 N. W. 753; 129 Minn. 34, 151 N. W. 542, L. R. A. 1915D, 628. The statutes require that a lookout be kept and signals of approach be given. Acts 1911, p. 642.

GARDNER, J. This appeal presents but a single question, Did the defendant, in the court below, while driving his automobile on Twenty-First street in the city of Birmingham, owe any duty to the plaintiff to keep a lookout while the latter, a pedestrian, was crossing said street at a place other than at the highway intersection in the city of Birmingham, in violation of a municipal ordinance then in force.

The trial court instructed the jury that if the plaintiff was violating said ordinance, and such violation was the proximate cause of the injury, then he would be guilty of contributory negligence, and could not recover but refused the charge appearing in the statement of the case, which is to the effect that the violation of such municipal ordinance by the plaintiff exempted the defendant from the duty of keeping a lookout for him.

[1] It is well recognized as a general rule of law that an automobile driver owes a duty to keep a lookout for pedestrians not only at street crossings, but between street intersections. Buddy on Automobile, § 435, and note; 28 Cyc. 28, 29; 2 R. C. L. 1186; note to Baker v. Close (N. Y.) 38 L. R. A. (N. S.) 487. In Adler v. Martin, 179 Ala. 97, 59 South. 597, is the following quotation, here applicable, from Baker v. Close, supra:

"A pedestrian who crosses a street at a place where there is no regular crossing may be chargeable with some additional vigilance, because it is not a place set aside for the cross-

ing of foot passengers, although even at such a place drivers are required to be watchful and careful."

In Barbour v. Shebor, 177 Ala. 304, 58 South. 276, this court said:

"The simple rule is that drivers on the street and pedestrians, each recognizing the rights of the other, are required to exercise reasonable care."

[2] So, it is held in this state that the rule with regard to stopping, looking, and listening before crossing a railroad is without application to a person crossing a street. Corona Coal & Iron Co. v. White, 158 Ala. 627, 48 South. 362, 20 L. R. A. (N. S.) 958; Barbour v. Shebor, supra; Adler v. Martin, supra. .

[3] It therefore appears that the general rule of law required the defendant to keep a lookout for pedestrians while driving his car upon Twenty-First street in the city of Birmingham, whether the pedestrian was crossing the street at the regular crossing or diagonally.

[4] The sole remaining question therefore is whether or not the municipal ordinance requiring pedestrians to cross the street at the street intersection, and not diagonally, punishing a violation of same by fine or imprisonment, has so changed the general rule as to the duty of the defendant to keep a lookout for pedestrians as to exempt him therefrom, when the pedestrian is crossing the street in a manner violative of such ordinance. It is plain there is nothing in the ordinance so indicating; but it is merely a traffic regulation, passed by the city to better conserve the public safety. It was certainly passed with a view to protect human life, and to give the ordinance a construction which would sanction a relaxation of vigilance on the part of drivers of automobiles upon the public streets would run counter to its evident intent. To construe the ordinance as contended by defendant would mean, in this case, that the defendant had the right, so far as any duty owing to the plaintiff as a pedestrian crossing the street at a place other than the street intersection was concerned, to drive his car blindly along such thoroughfare, and answerable only for wanton conduct or negligence after discovery of plaintiff's peril.

Counsel for appellant rely upon those authorities, which hold that a railroad owes to a trespasser upon its track no duty, except the exercise of reasonable care and diligence to avoid injuring him as soon as his peril becomes apparent. Thornton v. Southern Ry. Co., 199 Ala. 532, 75 South. 4, among other authorities.

The plaintiff, however, although violating the traffic ordinance, was not a trespasser upon the street. We think the reasoning of the court in Shimoda v. Bundy, 24 Cal. App. 675, 142 Pac. 109, and Hemming v. City of New Haven, 82 Conn. 661, 74 Atl. 892, 25 L. R. A. (N. S.) 734, 18 Ann. Cas. 240, Bourne v. Whitman, 209 Mass. 155, 95 N. E. 404, 35 L. R. A. (N. S.) 701, and the holding of this court in Stovall v. Corey Highlands Land Co., 189 Ala. 576, 66 South. 577, sufficiently sustain this view.

But the argument of counsel is, in any event, unsound as applicable to the case in hand, for it is now established by our decisions that where a car track forms a part of the street, it is the duty of those operating on same to keep a lookout, and no distinction is recognized between keeping a lookout for one prone and one erect upon the track. In Southern Ry. Co. v. Stewart, 179 Ala. 304, 60 South. 927, speaking of this duty, when the car track ran along and formed part of the street, this court said:

"It was the duty of the motorman to keep a lookout for all persons liable to be run over, no matter how they got on the track, and no matter what they were doing there, and the failure to do so would be simple or wanton negligence according to the circumstance."

See, also, Montgomery Lt., etc., Co. v. Baker, 190 Ala. 144, 67 South. 269; Birmingham Ry., Lt. & Power Co. v. Brantley, 141 Ala. 614, 37 South. 698; Ala. City G. & A. Ry. Co. v. Lumpkin, 195 Ala. 290, 70 South. 162.

This being the rule therefore governing those operating cars upon a track which runs along and forms a part of a street, certainly a sound public policy for even greater reasons would require a like vigilance as to the driver of an automobile along the public thoroughfares of the city, whether the pedestrian be crossing the street in accordance with traffic regulations or in violation thereof.

Our conclusion is that the ordinance carries its own penalties, and was not intended to relieve the drivers of automobiles from any existing duties. The charge requested by the defendant was properly refused.

It results that the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.