(90 South. 283)

## SALTER v. CARLISLE. (3 Div. 517.)

(Supreme Court of Alabama. June 9, 1921.)

**1. Municipal corporations ⬩705(10)—Pedestrian stepping in front of automobile held guilty of contributory negligence.**

A pedestrian who went in front of an automobile being driven along the street without exercising proper care for her own safety was negligent so far as her count for simple original negligence was concerned.

**2. Municipal corporations ⬩706(6) — Evidence held to require directed verdict on count charging wantonness of automobile driver.**

Evidence that an automobile was being driven at a rate of speed not suggesting any reckless disregard of the rights of pedestrians, that plaintiff undertook to cross the street at a place other than a regular crossing, that a very short time elapsed between the driver's discovery of her peril and the collision, that defendant made an effort, though perhaps misdirected, to stop the machine, and that he made unusual efforts to warn plaintiff of her danger, required a directed verdict on the count charging wantonness.

**3. Appeal and error ⬩719(7) — Charge not assigned as error cannot be considered.**

Where the giving of a charge was not assigned for error, argument against it could not be considered.

**4. Negligence ⬩141(3) — Instruction on contributory negligence disapproved.**

An instruction that, if plaintiff was negligent in the least bit, which contributed proximately to her injuries, she could not recover, is not approved as to its phraseology, and might properly have been refused without error.

**5. Trial ⬩256(10)—Instruction on contributory negligence held properly given, leaving plaintiff to request further explanatory charge.**

An instruction that, if plaintiff was guilty of negligence in the least degree, which proximately contributed to her injury, the jury could not find a verdict for her, was proper, as applied to counts charging original and subsequent negligence, and if plaintiff thought a further statement of the law would help the jury in its specific application to the facts under the issues made by the count on subsequent negligence and the pleas thereto, she should have requested a charge in further explanation.

**6. Municipal corporations ⬩706(7) — Crossing street at other than regular crossing not negligence as matter of law.**

Though a pedestrian crossing the street at a place other than a regular crossing for

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pedestrians was doubtless chargeable with some additional vigilance, she was not negligent as a matter of law, especially where defendant was charged with both original and subsequent negligence, and it was error to charge that, if she so crossed she was guilty of negligence.

**7. Appeal and error ⬅➡928(4)—Presumed that law was complied with respecting charges incorporated into record.**

Under Acts 1915, p. 815, amending Code 1907, § 5364, relative to the giving and refusing of requested charges and their incorporation into the record, where the bill of exceptions shows charges with the notation "Given" followed by the judge's name and title thereon, it will be presumed, nothing to the contrary appearing, that all the prescriptions in respect to the giving or refusal of charges so incorporated into the record were complied with.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Luta P. Salter against M. S. Carlisle for damages for injuries growing out of an automobile collision. Judgment for the defendant, and the plaintiff appeals. Reversed and remanded.

The following charges were given at the request of the defendant:

(10) If the plaintiff was negligent in the least bit, which contributed proximately to her injuries, then she could not recover.

(14) If the plaintiff was guilty of negligence in the least degree, which proximately contributed to her injury, then they cannot find a verdict for the plaintiff.

(15) If the plaintiff was cutting across Washington street, a public street in the city of Montgomery, not at a regular crossing for pedestrians, then she would be guilty of negligence, and if by cutting across the street she proximately contributed to her injuries, then plaintiff cannot recover.

John S. Tilley and William F. Thetford, Jr., both of Montgomery, for appellant.

The evidence authorized the submission of the wanton count. 179 Ala. 111, 59 South. 597; 190 Ala. 67, 66 South. 805; 2 R. C. L. 1186; Ivy v. Marx, 205 Ala. 60, 87 South. 813, 14 A. L. R. 1173; Ruddy on Automobiles, § 435. The plaintiff was entitled to recover on the subject of negligent count. 198 Ala. 128, 73 South. 439; 162 Ala. 658, 50 South. 149; 3 Ala. App. 371, 57 South. 404; 125 Ala. 213, 27 South. 1006; 156 Ala. 269, 47 South. 84; 178 Ala. 655, 59 South. 507; 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301; 158 Ala. 627, 48 South. 362, 20 L. R. A. (N. S.) 958; 153 Ala. 137, 45 South. 51; 199 Ala. 573, 75 South. 159; 156 Ala. 276, 47 South. 84. On these authorities the court improperly gave charges 10, 14, 15, and 22.

Hill, Hill, Whiting & Thomas, of Montgomery, and R. H. Powell, of Tuskegee, for appellee.

Count 1 was properly charged out. 198 Ala. 124, 73 South. 439; 156 Ala. 269, 47 South. 84; 125 Ala. 199, 27 South. 1006; 153 Ala. 532, 45 South 234. There was no evidence to support the wanton count. 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; 196 Ala. 17, 71 South. 334. The court did not err in giving the charges requested. 74 Kan. 528, 87 Pac. 680, 7 L. R. A. (N. S.) 132, 11 Ann. Cas. 207; 149 N. C. 443, 63 S. E. 102, 19 L. R. A. (N. S.) 456; 199 Ala. 654, 75 South. 15; 177 Ala. 304, 58 South. 276; 169 Ala. 242, 53 South. 219. The charges cannot be considered in the present condition of the transcript. Acts 1915, p. 850; 16 Ala. App. 130, 75 South. 722; 9 Ala. App. 643, 64 South. 197.

SAYRE, J. Plaintiff, appellant, sued for damages alleged to have been caused by the negligence or wantonness of defendant in running an automobile against plaintiff in a public street of the city of Montgomery. The complaint contained counts for simple (original) negligence, wantonness, and subsequent negligence; that is, in the counts of the last-named class, that defendant, after knowledge of the fact that plaintiff was in peril, negligently failed to use proper means to avoid injuring her.

[1] Very clearly, so far as concerns the count for simple original negligence, plaintiff was guilty of contributory negligence in that she went in front of defendant's automobile, then and there being driven by defendant along the street, without exercising proper care for her own safety. Her contributory negligence was pleaded in defense, and it seems to be conceded that plaintiff was not entitled to recover on that count.

[2] The court gave the general affirmative charge against plaintiff's count charging wantonness, and it is urged that in this the court committed error. The evidence shows that defendant was driving his machine at a rate of speed in no wise suggestive of a reckless disregard for the rights of pedestrians in the street. Plaintiff undertook to cross the street at a place other than a regular crossing. At best for plaintiff, the evidence shows that a very short time elapsed between defendant's discovery of her peril and the collision which caused her injury. There was evidence tending to show that defendant's machine might have been stopped in a less distance than that separating the parties when defendant discovered plaintiff's peril, a few feet, but it proved without conflict that defendant made an effort to stop his machine—it may be that his efforts were misdirected—and that he made unusual efforts to warn plaintiff of her

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

danger. These circumstances do not consist with the hypothesis that defendant, after discovering plaintiff's peril, continued to drive his car with a reckless indifference to probable consequences. That inference cannot be fairly or reasonably drawn from the evidence, and hence we hold there was no error in the charge as to this count.

[3-5] Counts charging subsequent negligence were submitted to the jury; but plaintiff, appellant, contends that along with these counts charges 10, 14, 15, and 22 were given at defendant's request, and that, in the circumstances, these charges in effect directed a verdict for the defendant. The giving of charge 22 is not assigned for error, and for that reason the argument against it cannot be considered. The report of the case will show charges 10, 14, and 15. The phraseology of charge 10 is not to be approved. It might have been refused without error. As to charge 14, see B. R., L. & P. Co. v. Fox, 174 Ala. 657–677, 56 South. 1013, and B. R., L. & P. Co. v. Bynum, 139 Ala. 389, 36 South. 736. In view of the fact that the defense of contributory negligence was pleaded in short by consent, this last-mentioned charge was properly given. It stated the law of contributory negligence in general. Here plaintiff sought to recover on a charge of subsequent negligence as already explained. To counts so alleging plaintiff's cause of action, as well as to count 1, this charge 10 correctly applied the law of contributory negligence. If plaintiff apprehended that a further statement of that law would help the jury in its specific application to the facts under the issues made between the counts on subsequent negligence and the pleas thereto, she should have requested a charge in further explanation.

[6, 7] Charge 15, given at the request of defendant, was error, and it must work a reversal. It said to the jury in effect—in terms, indeed—that plaintiff was guilty of negligence in crossing the street at a point not a regular crossing for pedestrians. Such is not the law. Plaintiff, crossing the street as she did—i. e., not at a crossing for pedestrians—was chargeable, no doubt, with some additional vigilance, but it cannot be said as matter of law in cases where original negligence is charged against the defendant that in so crossing the foot passenger is guilty of contributory negligence; still less can so much be said in a case like this in which defendant is charged with subsequent negligence. Ivy v. Marx, 205 Ala. 60, 87 South. 813, 14 A. L. R. 1173. Appellee seeks to avert a reversal on this point by referring to the fact that the bill of exceptions shows only the charges with the notation thereon, "Given, McCord, Judge," and fails to show compliance with the several prescriptions of the act of September 25, 1915 (Acts 1915, p. 815), amending section 5364 of the Code of 1907. The contention is of no avail. The purpose of the act was to make the giving and refusal of special charges in writing reviewable—in connection with the evidence, of course—when incorporated into the record, which is done when the judge writes "Given" or "Refused," as the case may be, on the document (such is the term used in the act), and signs his name thereto. It will be presumed on appeal, nothing to the contrary appearing, that all the prescriptions in respect to the giving or refusal of charges so incorporated into the record have been complied with. And so we presume in this case, nothing to the contrary appearing. Mobile Light & R. Co. v. Thomas, 201 Ala. 493, 78 South. 399.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.