**SHAFER v. MYERS.** (3 Div. 790.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied April 21, 1927.

**1. Appeal and error ⟨⟩1078(1)—Court will not consider assignments of error not insisted upon.**

Assignment of error, not duly insisted upon, will not be considered.

**2. Negligence ⟨⟩80—Contributory negligence is defense to action for simple negligence.**

Where plea of contributory negligence is proved, it is defense to cause of action based on simple negligence.

**3. Trial ⟨⟩143—Controverted facts are for determination of jury.**

Controverted facts should be submitted to jury for its determination.

**4. Trial ⟨⟩143—Court may give general affirmative instruction, if requested, on fact conclusively established by admissions, notwithstanding denial thereof by witness.**

Where fact is conclusively established by admissions, mere denial by witness of existence of fact so established does not create material conflict, preventing court from giving general affirmative instruction if requested.

**5. Negligence ⟨⟩56(3)—Recovery cannot be had for violation of ordinance unless proximate cause of injury.**

Violation of city ordinance does not of itself afford cause of action, unless violation is shown by evidence to be proximate cause of injury.

**6. Evidence ⟨⟩9—General development of science is subject of judicial knowledge.**

Court takes judicial knowledge of progress and development of science generally.

**7. Evidence ⟨⟩51—Recourse may be had to evidence on subject of which court takes judicial notice.**

Recourse may be had to evidence on subject of which court takes judicial notice, though facts judicially known are not required to be pleaded and proved.

**8. Municipal corporations ⟨⟩705(10)—Negligence is not as matter of law imputed to pedestrians at street crossings.**

Negligence is not imputed as matter of law to pedestrians crossing street in city at regular crossings.

**9. Municipal corporations ⟨⟩705(10)—Pedestrian at street crossing is not required to keep special lookout for automobiles.**

No duty is imposed upon pedestrians to keep special lookout for automobiles when approaching them at regular street crossings, but only general duty to exercise due care.

**10. Municipal corporations ⟨⟩705(2)—Automobile driver owes pedestrians duty of reasonable care at crossings and between intersections.**

Driver of automobile owes duty to pedestrians to use reasonable care for rights of others on highway at street crossings and between intersections.

**11. Damages ⟨⟩130(2)—$5,000 for broken ankle and injuries producing traumatic diabetes, causing breaking down of kidneys, held not excessive.**

In action for injuries, $5,000 verdict for broken ankle, and condition of traumatic diabetes, causing breaking down of kidneys, produced as result of injury, *held* not excessive.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by Katie Bell Myers, by her next friend, Charlie Myers, against A. J. Shafer. From a judgment for plaintiff, defendant appeals. Affirmed.

It appears that at the time of the trial plaintiff was suffering from advanced diabetes. Plaintiff's evidence tended to show that she sustained in the collision a broken ankle and other injuries which brought about the diabetic condition, that she had traumatic diabetes, produced by an injury to the pancreas, and that diabetes is a disease of the pancreas and causes a breaking down of the kidneys. Defendant's evidence was to the effect that diabetes does not cause a disease of the kidneys, but a disease of the pancreas, that diabetes is not caused by trauma, and that the injury to the ankle, which had satisfactorily healed, was the only serious injury sustained by the plaintiff.

There was jury and verdict for plaintiff for $5,000.

C. P. McIntyre, of Montgomery, for appellant.

When a plea of contributory negligence is proven, defendant is entitled to the affirmative charge. Peters v. Southern R. Co., 135 Ala. 539, 33 So. 332. Contributory negligence, however slight, is a defense to an action for simple negligence. Adler v. Martin, 179 Ala. 97, 59 So. 597; Birmingham Co. v. Bynum, 139 Ala. 390, 36 So. 736. Violation of a city ordinance does not of itself give rise to a cause of action. S. & N. A. R. Co. v. Donovan, 84 Ala. 141, 4 So. 142. The verdict of the jury was excessive, and it was the duty of the court to reduce it. M. L. & T. Co. v. King, 187 Ala. 619, 65 So. 998, L. R. A. 1915F, 491, Ann. Cas. 1916B, 449; Mower v. Shannon, 178 Ala. 469, 59 So. 568. The court takes judicial knowledge of the progress and development of science. Luke v. Calhoun County, 52 Ala. 115.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

The jury and the trial court saw the injuries of the plaintiff and heard her testimony. It cannot be said the verdict was improper, and it should not be disturbed. Central of Ga. v. White, 175 Ala. 60, 56 So. 574; Bachelder v. Morgan, 179 Ala. 339, 60 So. 815, Ann. Cas. 1915C, 888; Sloss Co. v. Jones, 207 Ala. 7, 91 So. 808; 17 C. J. 1117. Plaintiff was under no absolute duty to stop, look and listen. Bachelder v. Morgan, supra.

THOMAS, J. Plaintiff alleged to have been injured by an automobile on a public street of the city on February 15, 1926, and two months thereafter her suit for damages was called for trial. She was "brought into court upon a stretcher, accompanied" by trained nurses. Plaintiff announced ready, and counsel for the defendant moved a continuance on account of the physical condition of plaintiff. The court overruled the motion, and the defendant excepted. Thereupon the defendant answered in short by consent, by the general issue, and contributory negligence. The trial was had upon the simple negligence count and that charging the violation of the provisions of a city ordinance proximately causing her injuries.

[1] Assignment of error not duly insisted upon will not be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. This will suffice for the motion for a continuance.

[2] It is not controverted that, where a plea of contributory negligence is proven, it is a defense to a cause of action based on simple negligence. B. R. L. & P. Co. v. Bynum, 139 Ala. 389, 36 So. 736; M. L. & T. Co. v. Harris, 197 Ala. 236, 72 So. 545; Adler v. Martin, 179 Ala. 97, 59 So. 597.

[3] The rule of submission to the jury of controverted fact, for its determination, has often been stated and applied. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537; Jones v. Bell, 201 Ala. 336, 77 So. 998; Morrison v. Clark, 196 Ala. 670, 72 So. 305; Houston v. Elrod, 203 Ala. 41, 81 So. 831.

[4] In Peters v. Southern Rwy. Co., 135 Ala. 533, 33 So. 332, it was declared that, when the facts admitted in a case "conclusively established any fact," mere denial by a witness of the existence of the fact so established does not create a material conflict in the evidence, and in such a case it is not error to give general affirmative instruction, if duly requested. L. & N. R. R. Co. v. Moran, 190 Ala. 108, 122, 66 So. 799; Cent. of Ga. Rwy. Co. v. Chambers, 194 Ala. 152, 159, 69 So. 518; L. & N. R. R. Co. v. Johnson, 201 Ala. 611, 79 So. 43; Hines v. Cooper, 205 Ala. 70, 88 So. 133.

[5] It may be unnecessary to observe that the mere violation of a city ordinance does not have the effect or afford a cause of action, unless that violation is the proximate cause of, and contribution to, the injury as an immediate and efficient cause thereof, that is to say, the violation of the ordinance in connection with the other evidence must show that said violation of municipal ordinance was a part of the immediate cause and injury and as a proximate cause thereof, and not a remote cause thereof. Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 556, 91 So. 77.

[6, 7] The court takes judicial knowledge of the progress and development of science generally (Luke v. Calhoun Co., 52 Ala. 115; Sanders v. State, 202 Ala. 37, 79 So. 375; Hodge v. Joy, 207 Ala. 198, 92 So. 171), and facts judicially known are not required to be pleaded and proved. Fit recourse may be had to evidence on such a subject, and is proper and often necessary to inform courts and juries of what the fact is that in law is a matter

of common knowledge. In the instant case the immediate cause and effect of diabetes, with which the plaintiff was suffering at the trial, was illustrated by conflicting tendencies of medical authorities and testimony of experts. The jury were the triors of the fact, under all the evidence, and, aided by their common knowledge and experience, were required to honestly find the truth about said questions of controverted scientific fact. As such triors of fact, a verdict for the plaintiff was rendered, and based, no doubt, upon her injury at the time and the immediate result thereof on her general health. The lower court refused to disturb that verdict.

Under the rule, we cannot say from the evidence that the verdict is wrong and unjust and was the result of improper motive or conduct as heretofore often defined by this court. Cobb v. Malone, 92 Ala. 633, 9 So. 738; N. C. & St. L. Rwy. Co. v. Crosby, 194 Ala. 338, 351, 70 So. 7; Cent. of Ga. Ry. Co. v. White, 175 Ala. 60, 56 So. 574; Bachelder v. Morgan, 179 Ala. 339, 355, 60 So. 815, Ann. Cas. 1915C, 888; Schloss-Sheffield S. & I. Co. v. Jones, 207 Ala. 7, 91 So. 808.

[8-10] We find nothing in the evidence which takes plaintiff's case out of the general rule of the time and place that the negligence is not imputed, as a matter of law, to pedestrians crossing a street in a city, at a regular crossing therefor. She was not required to stop, look, and listen. No duty is imposed upon pedestrians to keep a special lookout for automobiles or approaching vehicles, but only the general duty to exercise due care under the circumstances. Adler v. Martin, 179 Ala. 97, 115, 59 So. 597; Huey v. Dykes, 203 Ala. 231, 82 So. 481; Bachelder v. Morgan, 179 Ala. 339, 352, 60 So. 815, Ann. Cas. 1915C, 888; Barbour v. Shebor, 177 Ala. 304, 58 So. 276; Corona C. & I. Co. v. White, 158 Ala. 627, 48 So. 362, 20 L. R. A. (N. S.) 958; Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173. And it is a well-established general rule that a driver of an automobile owes a duty to pedestrians to look and reasonably care for the rights of others upon the public highway, not only at street crossings, but between intersections thereof. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173; Salter v. Carlisle, 206 Ala. 163, 90 So. 283; Barbour v. Shebor, 177 Ala. 304, 58 So. 276.

In Adler v. Martin, 179 Ala. 97, 59 So. 597, it was declared that a pedestrian was not guilty of negligence per se in failing to look up and down a street for approaching vehicles before attempting to cross; whether or not such failure is negligence at all is a question for the jury on the particular facts of each case. Huey v. Dykes, 203 Ala. 238, 82 So. 481; Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173; Salter v. Carlisle, 206 Ala. 163, 90 So. 283.

[11] The plaintiff was walking east along the north sidewalk of Dexter avenue in this city, and approaching Decatur street at the regular crossing thereof, looked up and down last-named street, and saw no automobile approaching. When she had made a few steps upon that street from the curbing, she was struck by a car driven by the defendant. He had come (rapidly, one phase of the evidence shows) from the same way and up Dexter avenue, without sounding an alarm, and in violation of a city ordinance requiring him to reach the center of the intersection of the street before turning—such was plaintiff's evidence. Plaintiff was not required to anticipate that the car would come as and where it did and injure her. She was carried by the car some distance, when it was stopped by the driver, and she was released therefrom. Defendant testified that he went about 10 or 15 feet after striking plaintiff. He admitted that he first saw her about "25 feet away," and saw her when he was within 15 feet of her and "she was looking down, fooling with a paper sack," when he began to stop or slow down his car. A careful examination of the evidence discloses no error in rulings on the trial, oral instructions, or in the refusal of charges requested, or in the declining of the motion for a new trial. Under the rule and the evidence, we cannot say the verdict was excessive.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.